May Term,<br>1856.<br><br>Poag<br>v.<br>La Due.

---

### Poag and Others *v.* La Due.

Action in the Common Pleas upon a note given for the price of dry goods. It was agreed, when the note was made, that all errors in listing, &c., might be corrected, and deducted from the amount of the note. The judgment was reduced below 50 dollars by proof of payments and that, by a mistake in estimating the amount of the goods, the note was given for too much.

*Held*, that the latter defence (which was pleaded) was a counterclaim.

*Held*, also, that the defendant was entitled to a judgment for costs.

APPEAL from the *Steuben* Court of Common Pleas.

DAVISON, J.—This was a suit brought by *Poag*, *Kent* and *Holmes* against *La Due*, upon a promissory note for the payment of 956 dollars. The note is dated *April* 7th, 1852, payable at eighteen months to *Knott* and *Gale*, and by them assigned to the plaintiffs.

The defendant answered, 1. Payment. 2. Failure of consideration. 3. That the note was given for store goods, and when it was given the payees agreed to correct all errors in listing said goods, and in the delivery thereof, and to deduct the amount of any such errors from the face of the note. Averment, that errors in said listing and delivery,

Tuesday,<br>June 17.

over 50 dollars, did occur against the defendant, and to that amount the consideration of said note has failed, &c.

Replies in denial of the answer.

The cause was submitted to the Court, who, after hearing the evidence, found specially as follows: " That there is now due to the plaintiff on said note 53 dollars and 81 cents; that it was given, with others, for goods; and that by mistake in computation as to the amount of said goods, there was 11 dollars and 81 cents too much put into said note, for which the defendant has not received credit on the note, and that the parties, when it was given, agreed that all errors should be corrected."

Upon this finding, the plaintiffs moved for a judgment of 53 dollars and 81 cents, but their motion was overruled. They then moved for a judgment for costs, which was also overruled; and thereupon the Court rendered a judgment on the note against the defendant for 41 dollars, and against the plaintiffs for costs, &c.

Was the judgment against the plaintiffs correct? This is the only question in the case.

The code provides that " in actions for money demands on contract, commenced in the Circuit Court or Court of Common Pleas, if the plaintiff recover less than 50 dollars, exclusive of costs, he shall pay costs, unless the judgment has been reduced below 50 dollars by a set-off or counterclaim, pleaded and proved by the defendant, in which case the party recovering judgment shall recover costs. When the judgment is reduced below 50 dollars by proof of payments, the plaintiff shall recover costs." 2 R. S. 126.

The evidence shows that the note was reduced by payments to 53 dollars and 81 cents. Now, if the defence whereby it was further reduced to 41 dollars, was either " a set-off or a counterclaim," then the ruling of the Court must be sustained. Evidently it was not the former. Was it the latter? The code defines a counterclaim to be " any matter arising out of, or connected with, the cause of action, which might be the subject of an action in favor of the defendant, or which would tend to reduce the plaintiff's claim or demand for damages." 2 R. S. 41. We have

seen that the note in suit was given upon the sale and delivery of an estimated quantity of store goods, which, through mistake, were overestimated. This mistake constitutes the ground upon which the defence is rested. It is pleaded as a failure of consideration; and can anything be plainer than the position that the demand thus set up " arose out of and is connected with" the identical transaction which has given rise to the present controversy? Whether the amount of the overestimate would or would not " be the subject of an action in favor of the defendant," it is needless to inquire, because the defence is obviously within the purview of a counterclaim, if the matter pleaded "would tend to reduce the plaintiff's claim or demand for damages." True, the paragraph wherein the mistake is alleged in reduction of the note, is, in form, the same as a plea of failure of consideration under the old system. Still, it is not objectionable on that account, because the law, when applied to the facts stated, at once sustains it as a counterclaim. The result is, that the judgment against the plaintiffs for costs is erroneous.

*Per Curiam.*—The judgment against the plaintiffs for costs is reversed. The residue of the judgment is affirmed.

*A. Ellison*, for the appellants.