*D. D. Dykernan* and *G. W. Blakemore*, for the appellee.

---

### WATHEN and Another v. FARE.

Suit upon a promissory note for $104.50. Answer: 1. Payment. 2. A counter claim to the amount of $15. The Court found for the defendant, on his counter claim, and also that he was entitled to a credit of $30, paid before suit, and another credit of a like amount, paid after the commencement of the suit, leaving due to the plaintiff, $33.07, for which he had judgment. Motion by the defendant to tax the costs against the plaintiff.

*Held*, that the plaintiff's claim having been reduced below $50 by proof of payments, the motion should have been sustained, the statute, (2 R. S., § 397, p. 126,) not making any distinction between payments made before and after suit.

Nov. Term,
1861.

WATHEN
v.
FARE.

APPEAL from the *Daviess* Common Pleas.

Monday,
December 9.

DAVISON, J.—The appellee, who was the plaintiff, sued the appellants, who were the defendants, upon a promissory note for the payment of $104.50. The note was payable to one *Matthew Shanahan*, who, without indorsement, assigned it to the plaintiff. *Shanahan* was made a defendant to answer as to the assignment, and having failed to appear was defaulted. The other defendants, *Joshua* and *Raphael Wathen*, answered: 1. By a denial. 2. Payment. 3. That the note in suit was executed to *Shanahan* for the consideration of a certain mare, at the time of its execution purchased of him by the defendants. And the defendants aver that at that time, *Shanahan* represented said mare to be in foal; and it was then and there expressly agreed, that if the mare should not prove to be in foal, and not bring a colt during the *Spring* then next ensuing, there should, in that event, be fifteen dollars deducted from the note. And the defendants, in fact, say, that said mare, when the note was executed, was not in foal, and did not bring a colt during said *Spring*, wherefore, &c. Replies in denial of the second and third paragraphs. The issues were submitted to the Court, who found that the defendants were entitled to a deduction of fifteen dollars from the principal of the note sued on, as alleged in the third paragraph of the defendants' answer; that they were also entitled to a credit of $30, paid, *October* 8, 1859; and further, that they were entitled to a credit of $30, paid *September* 4, 1860, after the commencement of this suit; which leaves now due on said note, and unpaid, $33.07. For which sum the Court, having refused a new trial, rendered judgment.

At the proper time, the defendants moved to tax the costs of the suit against the plaintiff, but their motion was overruled, and they excepted. This ruling involves the only question in the case. We have a statute which says: "In actions for money demands on contract, commenced in the

Circuit or Common Pleas Courts, if the plaintiff recovers less than fifty dollars, exclusive of costs, he shall pay costs, unless the judgment has been reduced below fifty dollars by a set-off or counter claim, pleaded and proved by the defendant; in which case, the party recovering judgment shall recover costs. When the judgment is reduced below fifty dollars by proof of payments, the defendant shall recover costs." 2 R. S., § 397, p. 126. As has been seen, the recovery in the lower Court was for $33; hence, it is insisted, that the motion to tax the costs against the plaintiff should have been sustained. This position, in view of the facts upon which the motion is based, seems to be correct. True, the fifteen dollars allowed by the Court in reduction of the plaintiff's claim can not be considered in determining the question before us, because that sum, as pleaded and proved, was, in effect, a counter claim. *Poag* v. *La Due*, 7 Ind. 675. But the record shows two direct payments on the note, each for thirty dollars, which, alone, reduce the note sued on, including interest, to a sum less than fifty dollars. One of these payments, it is true, appears to have been made after the suit was commenced; but the statute to which we have referred makes no distinction between payments made before or after suit; nor do we perceive any valid reason why such distinction should exist. The result is, the judgment having been reduced by payments below fifty dollars, the plaintiff is liable for costs.

*Per Curiam.*—The judgment against the defendants for costs is reversed, and the Common Pleas Court is directed to render a judgment in favor of the defendants, and against the plaintiff, for costs of suit. The residue of the judgment below is affirmed. Costs in this Court against the appellee.

*J. W. Burton*, for the appellants.