*S. Stansifer* and *D. McDonald,* for the appellant.

*M. G. Bright,* for the appellee.

---

MARTIN and Another *v.* CUSTER and Another.

In actions in the Circuit or Common Pleas Court, where the plaintiff makes out a case which entitles him *prima facie* to recover 50 dollars, or more, and the recovery is reduced below 50 dollars by evidence adduced under a plea of part-performance of the contract which constitutes the ground of action, although not pleaded in form by way of set-off or counter claim, the plaintiff is entitled to recover his costs.

APPEAL from the *Jefferson* Circuit Court.

WORDEN, J.—This was an action by the appellees against the appellants upon a contract by which the defendants agreed to deliver to the plaintiff, at a stipulated time and place, ten thousand staves, at the rate of 30 dollars per thousand; the plaintiffs averring that they had paid 110 dollars on the contract, but that the staves had not been delivered in pursuance of the terms of the contract, and averring that the plaintiffs were ready at, &c., to receive and pay for the same.

The defendants pleaded, each, the general denial; and jointly, that seven thousand of the staves had been delivered, within the time as prolonged by a subsequent agreement, and

that the plaintiffs refused to received any more. Also, a set-off for staves sold and delivered. There were other pleadings not material to the question involved. Verdict and judgment for the plaintiff for 8 dollars and 50 cents.

The defendants moved to tax the costs to the plaintiff, but this motion was overruled, and judgment rendered in favor of the plaintiff for costs. This ruling presents the only question involved in the case.

The plaintiffs, having recovered less than 50 dollars, the action having been commenced in the Circuit Court, were liable to pay the costs, unless the judgment was reduced below 50 dollars by a set-off or counter-claim, pleaded and proved by the defendants, in which case the plaintiffs were entitled to recover costs. 2 R. S. 1852, p. 126, sec. 397.

The question in the case is, did the plaintiffs make out a *prima facie* claim of 50 dollars or over, and was that claim reduced below 50 dollars by a set-off or counter-claim pleaded and proved? *Higman* v. *Brown*, 3 Ind. 430. We are of opinion that they made out a *prima facia* claim for more than 50 dollars. They proved the payment on the contract of the 110 dollars, and would have been entitled to recover that sum without showing any special damage, unless the defendants had in whole or in part, discharged the contract on their part, or been by some means released therefrom. Proof of such discharge or release devolved upon the defendants. Hence it is clear that the first branch of the question must be answered in the affirmative.

It was proven that the defendants delivered a part of the staves, and in this way the *prima facie* claim was reduced below 50 dollars. A plea of full performance would not probably be required as a counter-claim, but a partial performance comes within the exact statutory definition of a counter-claim; which is, "any matter arising out of, or connected with, the cause of action, which might be the subject of an

action in favor of the defendant, or which would tend to reduce the plaintiff's claim or demand for damages." 2 R. S. 1852, p. 41, sec. 59. It is evident that a delivery of a part of the staves would "tend to reduce the plaintiff's claim for damages." The matter was not pleaded, in form, as a counterclaim; but that, it has been held, is not material. *Poag* v. *LaDue,* 7 Ind. 675.

We are of opinion that on the case made by the evidence, the ruling of the Court was correct; hence the judgment must be affirmed.

*Per Curiam.*—The judgment below is affirmed with costs.

*H. W. Harrington,* for the appellants.

*C. E. Walker* and *G. W. Richardson,* for the appellees.