Overbay's Administrator *v.* Lighty and Another.

*A.·Ellison,* for the State.

*W. H. Coombs,* for appellee.

———————————⋄———————————

OVERBAY's Administrator *v.* LIGHTY and Another.

CAVEAT EMPTOR.—Where personal property sold at auction is, at the time, remote from the place of sale, the purchaser, being ignorant of its condition, and having had no opportunity to examine it, has a right to rely upon the statements of the seller.

COVENANT OF WARRANTY.—MEASURE OF DAMAGES.—Upon a breach of warranty of personal property, the measure of damages is the difference between the actual value of the property at the date of the purchase, and its value at that date if it had answered the terms of the warranty.

SAME.—EVIDENCE.—If the property is put upon a fair market and sold to the best advantage, within a reasonable time, the price realized is *prima facie* evidence of its value, while the price paid is also *prima facie* evidence of the value of such an article as would have fulfilled the warranty.

APPEAL from the *Fountain* Common Pleas.

FRAZER, J.—The appellant, as administrator, sued the appellees on a promissory note executed by them, and payable to him, for $2,101 14. The defense was, that the consideration of the note was, in part, a quantity of wheat, purchased at a public auction of the intestate's effects, held by the plaintiff; that the wheat was not present, or subject to examination, but was stored in a warehouse six miles distant, or in transit to *Toledo,* and that the plaintiff, to induce the defendants to make the purchase, falsely and fraudulently represented that the wheat was "only a little *damp,*" and otherwise in good condition, when, in truth, it was spoiled, sour, and worthless. Reply, general denial. Verdict and judgment for the plaintiff for $928. A motion by the plain-

tiff for a new trial was overruled, and he appeals and seeks a reversal upon the ground, solely, that the verdict, as to amount, is against the evidence.·

The evidence shows that the wheat was stored as stated in the answer; that when the wheat was being sold, at the close of the second day of sale, the warehouse receipt was produced and read, describing the wheat as being in "bad order;" that the defendants, who were bidding, and attended the sale for the purpose of buying the wheat, called upon the administrator to state the condition of the wheat, and he responded that it was "only a little damp." On the faith of this statement, the defendants became the purchasers, at $1 86·per bushel, that being from eight to sixteen cents above the market price for good wheat. The wheat in transit was 150 bushels, sold in *Toledo*, and netted forty cents per bushel. The balance was shipped eastward as soon as practicable, which was soon after the opening of navigation on the *Wabash and Erie* canal, in the spring of 1865, and sold in *New York* in *September*, netting thirty-five and one-half cents per bushel. The purchase was in *December*, 1864. The warehouseman, knowing fully the condition of the wheat, bid $1 25 per bushel, and testified that he believed he would not have suffered loss in purchasing it at that price. It was very wet.

The appellant insists that the evidence developed a case in which the rule *caveat emptor* applies. We do not think so. The absence of the property from the place of sale was unknown to the purchaser until it was put up at auction. It was then impossible to examine it before bidding. He had no previous reason to suppose that it was distant six miles; he was ignorant of its condition. He had a right, therefore, to rely, as he did, upon the statements of the seller. The slightest sense of common justice would be shocked at the application of this maxim to such a case. 1 Parsons on Con., 5th ed., 583.

But it is urged that, in any event, the judgment was for too small a sum, the amount recovered showing that the

jury was guided by the price actually realized for the wheat, after the lapse of ten months, instead of its actual value at the time of the sale, as shown by the testimony of the warehouseman.

The defense pleaded, was a failure of consideration, resulting from a breach of a covenant of warranty. The measure of damages in such case is the difference between the actual value of the property at the date of the purchase, and its value at that date if it had answered the terms of the warranty. If the property be put upon a fair market, and sold to the best advantage, within a reasonable time, the price realized is undoubtedly *prima facie* evidence of its value, and the price paid is also such evidence of the value of such an article as would have fulfilled the terms of the warranty. But in this case it is not contended that the whole evidence would justify a finding that either the price paid or the price realized was in fact the value, in the one case, of the wheat as it was at the time of purchase, or, in the other, as it would have been if according to the warranty. But the finding can be justified upon no other basis than that these prices were actually the value of the property in the two specified conditions. It is, therefore, for a sum greatly too small, and a new trial should have been granted.

The judgment is reversed, with costs, and the cause remanded for a new trial.

*J. Ristine* and *T. F. Davidson*, for appellant.
*Milford* and *Milford*, for appellees.