## FERGUSON *v.* HOSIER.

WARRANTY.—*Breach.*—*Pleading.*—In an action for damages, for a breach of a warranty of the soundness of a chattel sold and delivered, the complaint alleged the sale of the chattel at an agreed value, and a warranty of its soundness, and averred unsoundness at the time of the sale, "to the damage of the plaintiff" in a certain sum.

*Held*, on demurrer, that the complaint sufficiently alleges that such unsoundness diminished the value of the chattel.

SAME.—*Measure of Damages.*—The measure of damages in such action is the difference between the actual value of the unsound chattel, at the time of the sale, and the value it would then have had, if it had been as warranted.

SAME.—*Defence.*—*Instruction to Jury.*—The court instructed the jury in such case, that the mere failure of the plaintiff to complain of such unsoundness and offer to return the chattel was no defence to the action, if the defendant had actually warranted the chattel to be sound, when it was unsound.

*Held*, that the instruction is right.

SAME.—*Harmless Assumption of Fact.*—An assumption, in an instruction to a jury, of a fact of which there is no evidence, is harmless, when such assumption is in favor of the party complaining thereof.

From the Henry Circuit Court.

*L. Ferguson, J. Brown* and *J. M. Brown*, for appellant.
*M. E. Forkner* and *E. H. Bundy*, for appellee.

HOWK, J.—The appellee, as plaintiff, sued the appellant, as defendant, in the court below.

In his complaint, the appellee alleged, in substance, that, in March, 1874, the appellant, in consideration that the appellee would exchange with and deliver to him a certain horse, then owned by appellee, of the value of two hundred dollars, and would pay him the sum of three hundred dollars for a certain pair of mules, then owned by appellant, agreed to and did, on said day, deliver to appellee said mules in exchange for said horse and said sum of three hundred dollars, did then and there, in consideration of the premises, faithfully promise, undertake and agree with the appellee, that said mules were sound and free from disease; that appellee, fully believing and

relying upon said promise and agreement of the appellant, on said day delivered said horse and paid said money to the appellant, but that the appellant had not kept his said promise and agreement, and had not performed the same, but, on the contrary, had wholly failed so to do, in this, that said mules were not sound and free from disease, but were foot-sore, and were permanently stiff, sore and crippled in the shoulders and feet, to the damage of the appellee in the sum of three hundred dollars, for which he demanded judgment.

To this complaint the appellant demurred for the want of sufficient facts therein to constitute a cause of action, which demurrer was overruled, and appellant excepted.

The appellant then answered the complaint by a general denial, and also filed two counter-claims, which we need not specially notice.

To these counter-claims the appellee replied by a general denial, and the issues joined were tried by a jury in the court below, and a verdict was returned for the appellee, assessing his damages in the sum of one hundred and seventy dollars; and the appellant's motion for a new trial having been overruled, and his exception saved to this decision, judgment was rendered on the verdict.

In this court, the appellant has assigned the following alleged errors, on the record of this cause, to wit:

1st. The court below erred in overruling the appellant's motion for a new trial;

2d. The court below erred in overruling the appellant's demurrer to the appellee's complaint; and,

3d. The appellant's complaint does not state facts sufficient to constitute a cause of action.

We will first consider and decide the question presented by the last two of these alleged errors; and we will consider these errors together, because they present the single question of the sufficiency of the appellant's complaint. The appellant's learned attorney states this question thus:

" The first question we present for the consideration of the Supreme Court is this: The complaint nowhere alleges that the mules were of any less value, in the condition described in the complaint, than they would have been as represented and warranted; or, in other words, there is no foundation laid in the complaint, upon which a judgment for damages could be recovered, the only averment tending in that direction being this: 'to the damage of the plaintiff three hundred dollars.'"

In our opinion, this point is not well taken, and for this reason, that the complaint showed the agreed value of the mules, as warranted, to be five hundred dollars, and that, when it was alleged that the appellee was endamaged in the sum of three hundred dollars by reason of the fact that the mules were not sound and free from disease, but were foot-sore, and permanently stiff, sore and crippled in the shoulders and feet, it was equivalent to an averment that the mules, in this latter condition, were worth no more than the sum of two hundred dollars. It seems to us, that the complaint, in this case, did state facts sufficient to constitute a cause of action.

The first alleged error, complained of by the appellant, was the decision of the court below in overruling his motion for a new trial. In this motion, many causes were assigned for such new trial, consisting chiefly of alleged errors of law occurring at the trial, and excepted to by the appellant. As many of these causes for a new trial are not even alluded to by appellant's counsel, in their argument of this case in this court, and may therefore be regarded as waived, we will confine ourselves to the consideration and decision of those questions only, which counsel have discussed in this court.

The eighth instruction of the court below to the jury trying the cause is complained of by the appellant in this court. This instruction was as follows:

" 8th. If you find for the plaintiff, the measure of his damages will be the difference between the actual value

of the mules at the time of the trade, and what their value would have been if they had been as they were represented to be by the defendant."

Appellant's counsel say of this instruction:

"The court below, however, held the defendant liable by this charge for what the mules would have been worth, if they had been as represented. Now, the defendant may have made a representation not contained in the warranty, and, there being no *scienter* alleged, would not be liable; his liability can not go beyond his warranty."

It seems to us, that appellant's counsel, in their comments on this eighth instruction, have given, or have endeavored to give, the word "represented," as therein used, a force and meaning which are not justified by its context, and which, we think, were not within the mind of the court below, in giving said instruction. It was the representation "contained in the warranty," and none other, about which the court charged the jury in said instruction. So we construe said instruction, and so, we think, the jury must have understood it. The instruction stated correctly the measure of damages, and, it seems to us, could not possibly have misled the jury.

The appellant has also complained in this court of the fifth instruction of the court below to the jury, which reads as follows:

"5th. The fact that the plaintiff said nothing about the unsoundness of the mules, and did not offer to return them, will not amount to any defence in this case, if the defendant warranted them to be sound at the time of the sale, and they were in fact unsound."

It is objected to this instruction, that it assumes the existence of a fact; but it seems to us that the appellant cannot complain of this objection, even if it existed. The fact assumed by the court to exist is in favor of, rather than against, the appellant. It is said by the appellant, that the fact thus assumed by the court is con-

tradicted by " the preponderance of the evidence on that point." But, in this, we think the appellant is mistaken; for, as we read the evidence, it fails to show that the appellee complained of the unsoundness of the mules, or had offered to return them. This fifth instruction contains a correct statement of the law applicable to this case, and the assumption of fact contained therein is one of which the appellant can not complain.

On the whole case, our conclusion is, that the court below did not err in overruling the appellant's motion for a new trial.

The judgment is affirmed, at the appellant's costs.