Cline *et al. v.* Myers.

.CLINE ET AL. *v.* MYERS.

WARRANTY.—*Breach.*—*Measure of Damages.*—*Sale of ·Live-Stock.*—The measure of damages for a breach of warranty of the soundness of live-stock is the difference between the real value of the stock at the time it was sold and the value which it would then have had if it had been as warranted ; and this measure can not be increased by evidence of care and attention bestowed upon, and feed given to, the stock.

SAME.—*Error in Striking Out Evidence Rendered Harmless by Special Finding.*—Where the jury trying the case has found specially that there was no breach of the warranty, error in striking out evidence measuring the damages arising from the breach is not available.

From the Montgomery Circuit Court.

*W. P. Britton* and *M. W. Bruner,* for appellants.

*P. S. Kennedy* and *W. T. Brush,* for appellee.

BIDDLE, J.—Complaint on a promissory note, by appellee, against appellants.

The note was not denied. The defence, as to ninety-six dollars, was, that the consideration of the note was twenty head of hogs, bought of the appellee by the appellants, which were warranted to be sound, but were not sound ; that they had the " hog cholera," whereby they became worthless ; that the remaining portion of the consideration of the note was corn, bought at the same time with the hogs ; but, as to the corn, no defence is made.

Trial by jury ; general verdict for the appellee, with answers to special interrogatories, finding that the hogs were not diseased at the time they were sold to appellants ; that, after they were sold, seventeen of them took the hog cholera and died, and that the hogs were worth, at the time they were sold, ninety-six dollars.

Judgment on the verdict ; appeal.

Three questions are presented to us, by a motion for a new trial overruled, and exceptions reserved :

1. The insufficiency of the evidence ;

2. The rejection of proper evidence ; and,

3.   Striking out proper evidence.

The evidence rejected by the court was offered to prove damages· on account of care and attention given to the hogs after they were supposed to be sick, and for feed consumed by the hogs.   This evidence was properly rejected. The care and feed given to the hogs were not necessary consequences of the warranty and breach alleged.   The measure of damages was the difference between the value of the hogs at the time they were purchased, and their value at the same time, if they had been as they were warranted to be.   This measure could not be increased by the care and feed wasted upon the sick hogs.   The loss would not be the natural, necessary, legitimate result from the breach of warranty.   *Page* v. *Ford,* 12 Ind. 46; *Overbay's Administrator* v. *Lighty,* 27 Ind. 27; *The Western Gravel Road Co.* v. *Cox,* 39 Ind. 260; *Booher* v. *Goldsborough,* 44 Ind. 490; *Ferguson* v. *Hosier,* 58 Ind. 438.

The evidence, stricken out on motion after it had been admitted, was of the same character as that rejected, and governed by the same rule.   There was no error committed, therefore, in striking it out.   This evidence could be useful to the case only in the event that the warranty and breach, as alleged, had been proved; and, as the jury negatived the breach by the special finding, its rejection, if improper at the time, would not have been an available error.

The evidence is conflicting, but not so discordant with the verdict as to authorize us, as an appellate court, to disturb it.

The judgment is affirmed, at the costs of the appellants.