No. 10,565.

## HEGE ET AL. *v.* NEWSOM.

PRACTICE.—*Trial without Reply.*—Where the parties to an action, in which there is an affirmative answer, go to trial without a reply and without any objection because of the want of a reply, the cause will be treated on appeal as if a reply in denial had been filed.

SAME.—*Demurrer.—Harmless Error.*—There is no available error in the sustaining of a demurrer to a good paragraph of answer, where there remains another paragraph substantially the same.

SAME.—*Assignment of Error.—Instructions.—Motion for New Trial.*—A refusal of the court to consider or take any action upon instructions offered by a party, if error, would be ground for a new trial, and could not, on appeal, be specially assigned as error.

SAME.—*Time for Submitting Instructions.*—A party, who desires special instructions to be given to the jury, must deliver them to the court before the argument to the jury commences, and is not entitled to have any consideration given to his instructions offered later.

SAME.—*Evidence.—Sustaining Objection to Question.—Offer of Proof.*—To render available as error the sustaining of an objection to a question propounded to a witness, the record should show that the party asking the question stated to the court what fact or facts he expected to prove.

SALE.— *Warranty.—Measure of Damages.*—The measure of damages for a breach of warranty as to the quality of a chattel sold is the difference between the actual value at the time of sale and the value which the article would have had if it had been as warranted.

SAME.—*Return of Article Warranted.*—The buyer, in such case, need not return or offer to return the article, in order to sustain an action for the breach of warranty, or to set it up as a defence or as a counter-claim in an action for the price.

SAME.—*Proof of Value.*—The price paid or contracted for by the buyer is *prima facie* the value of such an article as would have complied with the warranty.

SAME.—*Burden of Proof.*—To reduce the contract price of goods sold, and kept and used by the buyer, under his claim of a breach of warranty of their quality, the burden is upon him to show how much less than that price the goods were worth.

SAME.—*Examination by Buyer.*—The owner of certain standing trees pointed out a certain number thereof to another who had full opportunity to examine them, and did examine them, and then agreed with said owner to pay him for the particular trees examined, on the basis of the number of feet which the logs from such trees would make, at a certain price per hundred feet, and nothing was said in reference to the quality of lumber they might produce. The owner thereupon cut down and delivered the trees in logs.

*Held,* that there was no warranty of the quality of such logs.

From the Bartholomew Circuit Court.

*J. C. Orr, S. Stansifer* and *W. D. Stansifer,* for appellants.
*N. R. Keyes,* for appellee.

BLACK, C.—The appellee sued the appellants, the complaint containing three paragraphs. The first was upon an account for saw-logs sold and delivered, for hauling the same, for sawing done, and for produce sold and delivered. The second paragraph alleged a contract between the appellee and the appellants for the sale by the former to the latter of 14,398 feet of logs at and for the price of sixty-five cents per hundred feet, and for the hauling of the same by the appellee at and for the price of fifteen cents per hundred feet, and

for the sawing of 1,580 inches of logs by the appellee at and for the price of three-fourths of a cent per inch; and alleged performance by the appellee and acceptance by the appellants, and their failure and refusal to pay. The third paragraph alleged the sale by the appellee to the appellants of 14,398 feet of logs, and the receipt of the same by the latter at and for the agreed price of eighty cents per hundred feet, and the failure of the appellants to pay.

The appellants demurred to the first and second paragraphs of the complaint; the demurrers were overruled, and these rulings have been assigned as errors; but the appellants have waived the errors, if any, by failing to discuss the rulings in their brief.

The appellants answered in four paragraphs, the first of which was a general denial; the second was an answer of set-off; the third, pleaded by way of partial defence, set up the unmerchantable character of part of said saw-logs; the fourth paragraph set up the unmerchantable character of a portion of the logs as a counter-claim.

The appellee demurred to the second, third and fourth paragraphs of the answer. The demurrer to the second paragraph was overruled, those to the third and fourth paragraphs were sustained. The rulings upon the demurrers to the third and fourth paragraphs have been assigned as errors.

The appellants filed two additional paragraphs of answer, numbered fifth and sixth, demurrers to which were overruled. The record does not show that a reply was filed, but the parties, without any objection because of the want of a reply, went to trial; and therefore the cause is to be regarded as if there had been a reply in denial to the second, fifth and sixth paragraphs of answer. Counsel for both parties say in their briefs, that the fifth paragraph was substantially the same as the third paragraph, and that the sixth was substantially the same as the fourth. If, then, there was any error in sustaining the demurrers to the third and fourth para-

graphs, the appellants were not harmed thereby, and we need not inquire as to the sufficiency of those paragraphs.

There was a verdict for the appellee for $112.50. A motion for a new trial made by the appellants was overruled, and judgment was rendered on the verdict.

After the close of the evidence and during the progress of the argument to the jury, counsel for the appellants tendered to the court, and requested it to give to the jury, two special instructions in writing, properly numbered and signed by counsel for the defendants as such. The court, on the ground that these instructions were not presented in time, refused to consider them and refused to endorse thereon, " Refused and excepted to by defendants at the time," or "given," or "given as modified."

This action of the court, shown by bill of exceptions, has been assigned as error. It was also made a cause in the motion for a new trial. If it was erroneous, it was ground for a new trial, and could not here be specially assigned as error. But there was no error in the court's refusal. The statute requires that a party who desires special instructions to be given to the jury shall deliver them to the court before the argument to the jury commences; and he is not entitled to have any consideration given to such instructions tendered to the court after the commencement of the argument to the jury. R. S. 1881, sections 533, 534; *Ollam* v. *Shaw,* 27 Ind. 388; *Malady* v. *McEnary,* 30 Ind. 273.

On the trial, the appellants asked a witness testifying in their behalf to state " what, if anything, you told John Ritz while he was delivering these logs about any of the logs not being worth anything, or about not receiving them on account of their not being fit to make lumber of." The appellee objected to this question, and the court sustained the objection.

We can not say that this ruling was erroneous, for the reason, if for no other, that the appellants did not state to the court what fact or facts they expected to prove.

This has been decided so often that no citation of authority can be needed.

The appellants excepted to each of the instructions given to the jury. We will consider those which have been noticed by counsel in argument.

The eighth instruction was as follows: "But if you find that the contract between the parties was that the plaintiff was to receive the sum of eighty cents per hundred feet for logs delivered by him, *and that this covered the timber, cutting and drawing,* then the measure of the plaintiff's recovery will be determined by multiplying the number of hundred feet delivered for which the defendants would be liable by eighty cents, and this product would be his damages on this branch of the question, and no more."

The evidence showed that in the negotiation for the purchase of the logs different propositions were made on the part of the appellants to the appellee, one for the purchase of the logs at sixty-five cents per hundred feet, the timber to be cut and hauled by the appellants; another for the purchase of the timber at sixty-five cents, to be cut by the appellee at three-fourths of a cent per inch; another for the purchase at eighty cents per hundred feet for the logs delivered at the mill. It was necessary for the jury to determine which of these propositions was accepted, and it was not improper for the court to instruct the jury how to arrive at the damages upon the basis of the proposition to pay eighty cents per hundred feet, if they should find that this proposition was accepted. The objection made to the instruction by the appellants relates to the words in italics, and they contend that the court, in effect, said that if the contract to deliver at eighty cents per hundred feet did not expressly include expense of cutting and drawing, the plaintiff could recover in addition to the eighty cents per hundred his expenses for cutting and drawing the timber to the place of delivery. The instruction was plainly incapable of such a construction, and, in view of the evidence, the words in italics were not improperly used.

Objection is made to the thirteenth instruction. In the immediately preceding instructions the court had stated that a contract of the character described in said preceding instructions would bind the defendants to pay the stipulated price for such logs only as would make merchantable lumber, and for the number of feet of merchantable lumber they would make. In the thirteenth instruction the court told the jury that under such a contract " all the logs that were taken by the defendants and the lumber used by them will be regarded and held by you to have been merchantable lumber, and the defendants will be held to pay for all such so appropriated by them, at the contract price."

There was evidence that a portion of the lumber, about two thousand feet, made by the appellants from the logs, was not merchantable, and was not fit for lumber, and that it was cut up by the appellants and used as fuel by them in their mill.

It is well settled that the measure of damages for a breach of warranty as to the quality of a chattel sold is the difference between the actual value of the article at the time of sale and the value it would have had if it had been as warranted, and that the buyer need not return or offer to return the article in order to sustain an action for the breach of warranty, or to set it up as a defence or as a counter-claim in an action for the recovery of the price. *Overbay* v. *Lighty,* 27 Ind. 27; *Street* v. *Chapman,* 29 Ind. 142; *Booher* v. *Goldsborough,* 44 Ind. 490; *Love* v. *Oldham,* 22 Ind. 51; *Ferguson* v. *Hosier,* 58 Ind. 438.

The price paid or contracted for by the buyer is *prima facie* the value of such an article as would have complied with the warranty. *Overbay* v. *Lighty, supra; Street* v. *Chapman, supra.*

In view of the evidence as to the unmerchantable lumber appropriated and used by the appellants, it is insisted on their behalf that the thirteenth instruction, which directed the jury to regard all the lumber used by the appellants as merchantable lumber, and charged the jury to hold the appellants to pay for all the lumber appropriated by them at the con-

tract price, was misleading. But upon examination of the record we do not find that there was any evidence as to the actual value of this portion of the lumber or of the logs from which it was manufactured. To reduce the contract price, the burden was upon the appellants to show how much less than that price the lumber appropriated and used by them was worth. Without such evidence there was no error in the thirteenth instruction.

Objection is also made to the nineteenth instruction. In it the jury were told that if the evidence showed that the plaintiff pointed out to the agent of the defendants a certain number of trees, and the agent had full and ample opportunities to examine them, and did examine them, and then promised and agreed with the plaintiff to pay him for these particular trees on a basis of the number of feet which the logs from such trees would make, at a specified and stipulated price per hundred feet, and nothing was said in reference to the quality of lumber they might produce, and that the plaintiff accepted this proposition and cut down and delivered the trees in logs, the defendants would be liable to pay to the plaintiff the price agreed upon for each hundred feet of logs so cut and delivered from these trees, irrespective of their quality.

There was evidence to which this instruction was pertinent, and we think that the facts therein supposed did not import a warranty.

It is claimed that the amount of the recovery was too large. This claim is based upon what is said to be a preponderance of the evidence. We can not weigh conflicting testimony.

The judgment should be affirmed.

Per Curiam.—Upon the foregoing opinion, the judgment is affirmed, at the costs of the appellants.

Filed June 25, 1884.