No. 10,292.

FULLER v. CURTIS ET AL.

CONTRACT.—*Damages.*—*Remoteness.*—In a suit to recover for the value of a table-rake to be attached to a reaper, a counter-claim, alleging that by the contract of sale the plaintiff agreed to adjust the same to the defendant's reaper so that he could properly harvest a crop of his wheat, known by the plaintiff to be then growing, that the plaintiff could not and did not do so, whereby the defendant, being unable to procure another machine, was compelled to use it to avoid greater loss, whereby he lost 80 bushels of his wheat, of the value, etc., is bad on demurrer, the damages being too remote.

COSTS.—*Recoupment.*—*Counter-Claim.*—Suit in the circuit court on a contract for the purchase of a machine by the defendant. Answer, that the plaintiff failed so to adjust the machine as agreed, whereby the defendant suffered loss, etc. The plaintiff recovered less than $50.

*Held,* that the answer, though not a counter-claim in form, was such in fact, within the meaning of section 591, R. S. 1881, and as it might be presumed that the claim was reduced below $50 by reason thereof, the plaintiff could recover costs.

PARTIES.—*Principal and Agent.*—*When Agent May Sue in his Own Name.*—An agent, selling property for and by authority of his principal, on credit, and having accounted to and satisfied his principal therefor, may sue the purchaser in his own name.

From the Elkhart Circuit Court.

*H. D. Wilson* and *W. J. Davis,* for appellant.

*J. H. Baker* and *J. A. S. Mitchell,* for appellees.

COLERICK, C.—The appellees sued the appellant for the price of a table-rake and attachments for a reaper. The complaint consisted of three paragraphs. The first averred

that they had on the 1st day of July, 1881, sold and delivered the rake and attachments to the appellant for $100, one-half of which sum he promised to pay on the 1st day of October, 1881, and for the other half execute his note payable on the 1st day of October, 1882, with interest; that he had refused to comply with his said promise, and that by reason thereof said sums are due and remain unpaid, etc. The second averred the sale and delivery of said property for $100 upon the appellant's promise to pay one-third of the price in cash on the 1st day of October, 1881, and to execute his notes for the residue, one for one-half thereof, payable on the 1st day of October, 1882, and the other for the balance, payable on the 1st day of October, 1883, both with interest and attorney fees. The third was the common count for property sold and delivered.

The appellant filed an answer of three paragraphs. The first was a general denial. The second averred that the appellees were not, but that Aultman, Miller & Co. were, the real parties in interest. The third, as a partial answer to the cause of action stated in the third paragraph of the complaint, averred, in substance, that on the 1st day of July, 1881, Aultman, Miller & Co., who manufactured the rake and attachments mentioned in said paragraph, through the appellees, as their agents, sold the same to the appellant, and agreed to adjust the same to a reaper he then owned, so as to enable him to properly cut and save forty acres of wheat which the appellees knew were then growing upon his farm, in consideration of which he promised to pay them $65 two years from that time; that said Aultman, Miller & Co., though often requested, did not adjust said rake and attachments to said reaper, nor could they do so, nor could the appellant do so himself, or procure any one else to properly adjust the same, so as to properly cut and save his wheat, in consequence of which he was damaged $50. Wherefore, etc.

The appellant also filed a counter-claim, in which he averred, in addition to the facts alleged in the third paragraph of his

Fuller *v.* Curtis *et al.*

answer, that when the appellees failed to adjust said rake and attachments, the appellant's wheat was ripe, and as appellant could get no other machine, and had no other means with which to cut said wheat, he was compelled to use his reaper with said rake and attachments improperly adjusted, or suffer a greater loss; that in its use a part of the wheat was not cut, but broken down, and a portion that was cut was lost and could not be saved; that in consequence of the use of said machine, so improperly adjusted, the appellant lost eighty bushels of wheat of the value of $80.    Wherefore, etc.

A demurrer was sustained to this pleading, and a reply was filed to the second and third paragraphs of the answer.    A trial was had, and a verdict in favor of the appellees for $40, with answers to interrogatories, was returned.    A motion for a new trial, and a motion to tax the costs of the action to the appellees, were overruled, and judgment was rendered upon the general verdict.    These last rulings are assigned as error.

The demurrer to the counter-claim was, we think, properly sustained.    The loss of the appellant's wheat caused by the voluntary use of a machine improperly adjusted must be borne by himself, as the consequences did not necessarily arise from a breach of the agreement to properly adjust the rake and its attachments.    The damages to be recovered must be the natural and proximate consequences of the breach of the agreement.    2 Greenl. Ev., section 256; 1 Sedgw. Dam., p. 66; *Loker* v. *Damon*, 17 Pick. 284; *Cline* v. *Myers*, 64 Ind. 304; *Prosser* v. *Jones*, 41 Iowa, 674.    In the case last cited, the defendant agreed to give the plaintiff $100 for a threshing machine and thresh his wheat at any time within four days after notice.    This he failed to do, and the plaintiff whose wheat was unstacked, and who was unable to get another machine to thresh it, brought an action to recover for such injury as it afterwards sustained, and the expense of stacking it, but it was held that such damages were too remote to be recovered in an action for the breach of a contract. This case seems precisely in point, and announces, as we

think, the law correctly upon this question. The damages sought to be recovered are not the direct and immediate consequences of the breach of the agreement, and, therefore, there was no error in sustaining the demurrer.

The motion for judgment upon the answers of the jury to the interrogatories proceeds upon the ground that they show that the appellees are not the real parties in interest. The facts found bearing upon this question are these: That Aultman, Miller & Co., of Akron, Ohio, manufactured the rake and attachments, and through the appellees, as agents at Goshen, Indiana, sold them to the appellant; that the same belonged to said company at the time of sale, and that the appellees have settled with said company and accounted for said property. These facts are the only facts found bearing upon this question, and they do not, as we think, show that Aultman, Miller & Co. are the real parties in interest, within the meaning of the statute requiring every action to be prosecuted in the name of such party. These facts show that this property at the time of sale belonged to Aultman, Miller & Co., and that the sale was made by said company through the appellees as agents, but it does not, therefore, follow that the appellees may not maintain an action in their own name for the price. If the appellees were answerable to Aultman, Miller & Co. for the price of the articles, and the fact that they had accounted for them would seem to imply such liability, they were entitled to maintain an action in their own names for the price. Story Agency, section 398. The facts found are not inconsistent with such liability, and, therefore, can not control the general verdict. The motion was properly overruled.

It is next insisted that the court erred in overruling the appellant's motion to tax the costs of the action to the appellees, because they recovered less than $50. That portion of section 591 of the statutes of 1881, applicable to this question provides that, " In actions for money demands on contract commenced in the circuit or superior courts, if the

Fuller *v.* Curtis *et al.*

plaintiff recover less than $50, exclusive of costs, he shall pay costs, unless the judgment has been reduced below $50 by a set-off or counter-claim pleaded and proved by the defendant, in which case the party recovering judgment shall recover costs." This is such action, and the recovery was less than $50. The judgment was not reduced below that amount by a set-off, because none was pleaded, and the question arises whether the matter pleaded in the third paragraph of the answer constitutes a counter-claim. The fact that it was not pleaded in the form of a counter-claim makes no difference, if the facts averred really constitute such claim. *Poag* v. *LaDue,* 7 Ind. 675. The statute defines a counter-claim as "any matter arising out of or connected with the cause of action which might be the subject of an action in favor of the defendant, or which would tend to reduce the plaintiff's claim or demand for damages." R. S. 1881, section 350. The undertaking to adjust the rake and attachments as averred was connected with the cause of action sued upon, and any damages sustained by its breach tended to reduce the amount of the appellees' claim, and, therefore, this was unquestionably a counter-claim. Under this plea, a claim for more than $50 might be reduced below that amount, and as the evidence is not in the record, we can not say that the claim sued upon in this action was not so reduced. If such was the fact, the appellees were entitled to costs, and as the contrary does not appear, we can not hold that the motion was incorrectly overruled.

This disposes of all the questions in the record, and as we are of opinion that no error was committed, the judgment should be affirmed.

PER CURIAM.—The judgment of the court below is affirmed, at the costs of the appellant.

Filed Oct. 18, 1884. Petition for a rehearing overruled April 25, 1885.