Filed June 10, 1891.

---

No. 108.

BUSHMAN v. TAYLOR ET AL.

WARRANTY.—*Implied.*—*Executory Sales.*—*Purchaser May Set up Damages in Cross-Action.*—*Measure of Damages.*—In executory sales (in this instance the sale of a large quantity of brick to be delivered from time to time), an implied warranty will be upheld. In such cases the purchaser is not bound to return the goods and rescind the contract, upon discovering the breach, but may set up his damages by reason thereof, in a cross-action. The measure of damages is the difference between the articles sold and those delivered at the time and place of delivery.

From the Tippecanoe Superior Court.

*W. H. Bryan* and *W. R. Wood,* for appellant.

*C. B. Stuart, T. A. Stuart* and *W. V. Stuart,* for appellees.

REINHARD, J.—Bushman was the owner and operator of a brickyard in the city of Lafayette, and the appellees, under the firm name and style of The Henry Taylor Company, were lumber dealers in the same city, and engaged in supplying builders and contractors with the necessary materials for the building and construction of houses. The appellees contracted with the appellant for a sufficient quantity of brick, estimated at from 300,000 to 350,000, of a certain size and quality, necessary for the building of a school-house, to be erected by one Longwell, who had contracted with the appellees to supply him with the material for such building. Appellant agreed with the appellees, orally, that he would deliver the brick at the C., C., C. & I. R. R. yards in Lafayette, on board the cars, in such quantities, and at such times as they might be called for, during the summer and autumn of the year 1888, and at the price of $5 per thousand. Appellant alleges in his complaint that, pursuant to this agreement, he delivered to appellees 260,000 brick, which, at $5 per thousand, would amount to $1,300, and that appellees had only paid him $1,050, leaving a balance of $250 still due him.

The appellees answered the general denial and payment, and also filed a counter-claim and a set-off.

The cause was tried by a jury and the verdict was for the appellees, who were the defendants below.

The only error assigned and discussed by appellant's counsel is the overruling of the motion for a new trial. The causes enumerated in the motion for a new trial, and discussed by appellant's counsel, are:

That the verdict is not sustained by sufficient evidence, and that the verdict is contrary to law and the evidence.

Something is said, also, in the motion, in reference to some instructions given to the jury, but as the question is not discussed in counsel's brief we need not notice it.

In their counter-claim the appellees base their claim for damages upon two grounds:

1. The inferiority of the brick; and,

2. The failure of the appellant to supply the same as demanded.

It is agreed that the appellant delivered, and appellees received, on board the cars in the railroad yard at Lafayette, 250,000 brick. The appellant claims that as appellees accepted these goods and used them they are bound to pay the contract price for them; that if appellees were not satisfied with them they should have rejected them, upon examination, and that, in such cases, the rule of *caveat emptor* applies the same as in an executed contract. Appellant cites in support of this position : 2 Sutherland Dam. 407 ; 2 Kent Com. 479 (490); *Fellows* v. *Stevens,* 1 Blackf. 508 ; *Hadley* v. *Prather,* 64 Ind. 137.

The counter-claim proceeds upon the idea that the appellant's agreement to furnish the brick of a certain size and quality, and at a certain time, constituted an implied warranty.

The rule is now well settled that in executory sales such a warranty will be upheld. In such cases the purchaser is not bound to return the goods and rescind the contract, upon discovering the breach, but may set up his damages by reason thereof, in a cross-action. *Muller* v. *Eno,* 14 N. Y. 597 ; *Brigg* v. *Hilton,* 99 N. Y. 517 ; *Gaylord Mfg. Co.* v. *Allen,* 53 N. Y. 515 (519). And " where a chattel is to be made or supplied to the order of the purchaser, there is an implied warranty that it is reasonably fit for the purpose for which it is ordinarily used, or that it is fit for the special purpose intended by the buyer " if known to the seller when the order is given. Benjamin Sales, section 644 (645); see, also, *McClamrock* v. *Flint,* 101 Ind. 278 ; *Poland* v. *Miller,* 95 Ind. 387.

This is not a case of an executory sale of a single article, or of articles in such condition that upon a full and thorough inspection the purchaser accepts the same as a compliance with the contract.

In *Fellows* v. *Stevens, supra,* a case cited by appellant, it was held that the defect in the articles *would be no defence,* and could not be set up *as such,* by special plea or otherwise; but it is further held in that case that, " If, for any such causes, the defendant has any good ground of complaint, he must seek his remedy *by cross-action* against the person with whom he contracted." This is just what appellees have done in this case.

The measure of damages in such cases is the difference between the articles sold and those delivered at the time and place of delivery. *Booher* v. *Goldsborough,* 44 Ind. 490; *Ferguson* v. *Hosier,* 58 Ind. 438; *Cline* v. *Myers,* 64 Ind. 304; *Hege* v. *Newsom,* 96 Ind. 426; *Blacker* v. *Slown,* 114 Ind. 322.

The evidence tended to prove that the difference in the brick sold and those delivered was fifty cents per thousand, making an item of damage of $125, which, under the pleadings and the evidence, the jury had a right to find.

It was further claimed by appellees that, by the appellant's failure to furnish the brick in the quantities and at the times demanded, they were compelled to purchase brick elsewhere to make up the deficiency, and that they were put to an additional outlay. The evidence tends to prove this averment. Stilwell, the general agent and manager of the appellees, testified that he was obliged to purchase about 36,000 extra brick of the kind contracted for with the appellant, and that he was obliged to pay, and did pay, $78.50 over and above the amount it would have cost if the appellant had delivered the kind of brick contracted for at $5 per thousand.

The claim of appellant's counsel, therefore, that there was absolutely no evidence to show that appellees had sustained any damages, is not tenable. It is true that Longwell testified that he was the only person interested in the determination of the case, but the appellees are not concluded by this statement. The jury still had the right to accept the testimony of Stilwell. Besides, Longwell's statement was but a

conclusion of his own, and if the jury thought the facts did not warrant it they were at liberty to disregard it.    If, then, we add these two items of damages, we have an amount fully covering that which appellant claimed in his complaint was due him.

The evidence upon which these items were determined by the jury in favor of the appellees was conflicting, and while we are free to confess that upon its face the preponderance appears to be with the appellant, yet we have not been able to find any error of law which would authorize us to reverse the judgment.    The verdict received the approval of the trial court, and we can not interfere with it by undertaking to weigh the evidence.

Judgment affirmed.

Filed June 11, 1891.