Filed Oct. 25, 1892.

---

## No. 558.

## GREEN *v.* WITTE ET AL.

PARTNERSHIP.—*Action Before Justice by Firm.—Failure to Set Out Individual Names of Firm.—Curing of Defect in Circuit Court*—Where, in an action by a firm before a justice of the peace, the complaint did not, in the caption or body, set out the names of the members of the firm, and simply used the firm name, but there was no demurrer to the complaint or motion in arrest of judgment, and when the cause reached the circuit court it was docketed by setting out the full name of each member of the firm as plaintiff, and the names so appear in all subsequent proceedings, the technical omission was cured.

SAME.—*Sale of an Interest in Partnership Business and Accounts.—Action on Book Account.—Evidence of Assignment Unnecessary.—Complaint.*—Where A. sold a half interest in his business and book accounts, including the book account against the defendant, to B., and A. and B. brought suit on said account, it was not necessary to introduce the contract between A. and B. in evidence. The fact that A. testified concerning the terms of the contract, which was in writing, would not be prejudicial error, as

it was not necessary to aver or prove the assignment of the account, all the parties interested being parties to the action.

SAME.—*Instruction to Jury.*—*Harmless Error.*—Where the court in such an action instructed the jury that it was alleged that a half interest in the account had been assigned to B., when in fact there was no such averment in the complaint, it did not constitute harmful error as far as the defendant was concerned. There was no necessity for such an averment in the complaint. If there was harm in the instruction, it was to the plaintiffs, and not to the defendant. It, in effect, tended to cast upon them the burden of proving a fact not in issue, but that is something of which the defendant can not complain.

SALE.— *Warranty.*—*Breach of.*—*Measure of Damages.*—In an action for goods sold and delivered, the defendant, relying upon a warranty and breach thereof, is not required to show that he returned the goods or offered to return them, and thus rescind the contract, but he may keep them and have recoupment of the damages sustained by the breach in a cross-action or counter-claim. In such a case the measure of damages is the difference between the value of the thing sold if it had corresponded to the warranty and its actual value with the defect.

From the Hancock Circuit Court.

*S. E. Urmston, H. Warrum, E. Marsh* and *W. W. Cook,* for appellant.

*J. W. Kern, L. O. Bailey* and *E. W. Little,* for appellees.

REINHARD, C. J.—Action commenced before a justice of the peace on a partnership account alleged to be due the appellees from the appellant. The first error assigned is that the complaint does not state facts sufficient to constitute a cause of action. The complaint did not, in the caption or body, set out the names of the members of the firm, but used the firm name, Fred W. Witte & Co. There was no demurrer to the complaint nor motion in arrest of judgment. When the cause reached the circuit court it was docketed by setting out the full name of each member of the firm as plaintiff, and thus the names appear in all subsequent proceedings. We think the technical omission in the complaint was thus cured. *Hellyer* v. *Bowser,* 76 Ind. 35.

The next error relied upon is the overruling of the ap-

pellant's motion for a new trial. Appellee Witte testified that when his partner, Weise, purchased an interest in the mill, which they operated together, he also sold to Weise a half interest in the book accounts, including that due from the appellant. It was subsequently disclosed that the contract of partnership, including the transfer of the accounts, was in writing. The appellant thereupon moved that the testimony in reference to the transfer of an interest in the account by Witte to Weise be stricken out, the contract itself being the best evidence. The court overruled the motion, and counsel insist that this ruling was erroneous.

There was no answer questioning the assignment of an interest in the account to Weise. The testimony complained of had reference to the question as to who constituted the members of the firm, and who were interested in the account, rather than to the assignment or the manner of the same. No attempt was made to prove the contents of the written contract alluded to.

But aside from that, we do not regard it as necessary that the assignment should have been averred or proved. It was a question in which the appellant was not concerned, except in so far as to protect himself against another suit by some assignee not a party to the record. But as the only assignee was a party plaintiff, he would of course be bound by the judgment, and no future action by him would lie. It was not necessary, therefore, that the contract should have been introduced to show a transfer of interest to Weise, and what Witte said could not have harmed the appellant.

The court instructed the jury that it was alleged that a half interest in the account had been assigned to Weise, when in fact there was no such allegation in the complaint. There could have been no harm in this statement. It is true the complaint did not contain such an averment, and the instruction was, strictly speaking, not correct. But an instruction will not operate as a reversal, even though it be incorrect, unless it may be harmful to the complaining party. There

was no necessity for such an averment in the complaint. If there was harm in the instruction, it was to the appellees, and not to the appellant. It, in effect, tended to cast upon them the burden of proving a fact not in issue, but that is something of which the appellant can not complain. It required no additional evidence on her part.

Appellant also assails the third instruction. In it the court charged the jury that if the appellee contracted to furnish the appellant with oak slat-and-wire fencing for a certain price per rod, but used therein other than oak slats, in whole or in part, and the appellant, in ignorance of the character and quality of such fencing, and being unable, because of the paint thereon, to determine its character at the time without cutting through, received and accepted the same, then it was the right of the appellant when she discovered that such fence was manufactured in whole or in part of other than oak slats, if that was the fact, to return the same to the appellee, and if in such case the appellant did not, within a reasonable time after the discovery by her that said fence was manufactured of other than oak slats, if the jury found that such was the case, return such fence to the appellee, or if she used and kept a portion of such fence and returned the balance only after a period of three or four months from the discovery, then the appellant would be liable for the actual value of such fence, if anything, at that time.

We are of the opinion that in giving this instruction the court committed an error. The appellant had set up the warranty and breach thereof as a counter-claim for damages. In an action for goods sold and delivered, the defendant, relying upon a warranty and breach thereof, is not required to show that he returned the goods or offered to return them, and thus rescind the contract, but he may keep them and have recoupment of the damages sustained by the breach in a cross-action or counter-claim. In such case the measure of damages is the difference between the value of the thing

sold if it had corresponded to the warranty and its actual value with the defect. *Bushman* v. *Taylor*, 2 Ind. App. 12, and cases cited.

By this instruction the jury are given to understand that appellant had his choice of two remedies when she discovered that the fence was not up to the warranty. She could return it and rescind the contract, or keep it and pay for the actual value of the fence in its defective condition, if it had any value. If the damages, as measured by the above rule, are deducted from the contract price (provided they do not exceed the same), the remainder will be the proper amount of the appellees' recovery. If the damages exceed the contract price, the appellant would be entitled to a judgment over. The actual value of the goods delivered is not necessarily the proper standard, therefore, of the amount the appellees are entitled to recover, if anything. If the appellant was fortunate enough to purchase the property at a bargain, that is to say, for less than its actual value, she would be entitled to the benefit of such bargain. Had the appellees failed to deliver any fencing at all, the appellant's damages would be the actual value of the property contracted for, less the contract price, if the value was more than the contract price. If the appellees furnished defective fencing, the appellant has a right to recover damages for such defect, provided she keeps the property. That defect is estimated as above indicated. It is the value of such fencing as has been bargained for, independent of the contract price, less the value of the property received. That sum is deducted from the contract price, and the remainder, if any, is the appellees' recovery. The instruction was, therefore, not a correct statement of the rule under the pleading.

Judgment reversed.

Filed Oct. 25, 1892.