## ELWOOD PLANING MILLS COMPANY *v.* HARTING.

[No. 2,610.    Filed January 11, 1899.]

APPEAL.—*Pleading.—Answer Cannot Be Questioned First on Appeal.* —The sufficiency of an answer cannot be questioned for the first time in the Appellate Court. *p. 409.*

CONTRACT.—*For Material to be Used in Constructing a House.— Breach.—Measure of Damages.*—Where one contracted to furnish first-class, well seasoned lumber to be used in the construction of a dwelling house, but instead furnished an inferior quality, which fact did not become known to the vendee until the house was completed, the vendee, who was the owner of the house, had the right to retain the dwelling house in its damaged and inferior condition, and sue the vendor for the difference between the actual value of the house and the value of such house as it would have been had the material been as provided in the contract. *p. 412.*

WITNESS.—*Opinion Evidence.—Damages for Breach of Contract.*— In an action for damages to a dwelling house resulting from a breach of contract to furnish first-class, well seasoned lumber to be used in the construction thereof, it is not proper for a witness to estimate the amount of damages which should be assessed by the jury. *pp. 409, 413.*

From the Madison Circuit Court.    *Reversed.*

*E. S. Griffin, R. T. Broadbent, W. A. Kittinger, E. D. Reardon* and *W. S. Diven,* for appellant.

*B. R. Call* and *C. M. Greenlee,* for appellee.

BLACK, C. J.—The appellant brought its action against the appellee, the complaint consisting of two paragraphs, the first being upon an account for goods and merchandise, the bill of particulars filed therewith showing a balance of $100.26; and the second paragraph declaring upon an account stated for that amount.   The appellee answered in four paragraphs, the first a general denial.   The appellant replied by general denial to all the paragraphs of answer except the first.   Upon trial of the cause by jury, a general verdict for the appellee was returned, and, appellant's motion for a new trial having been over-

ruled, judgment was rendered in accordance with the verdict.

None of the pleadings were tested by demurrers. The appellant's assignment of errors contains seven specifications. The first six assail the second, third, and fourth paragraphs of answer severally, as not stating facts sufficient to constitute a defense to the appellant's cause of action as stated in the complaint, or as stated in a specified paragraph of the appellant's complaint. These specifications do not present any question for the consideration of this court. The question as to the sufficiency as a defense of a paragraph of answer cannot be raised for the first time by assigning here its insufficiency as error. *City of Evansville* v. *Martin,* 103 Ind. 206, and cases there cited; *State, ex rel.,* v. *Curry,* 134 Ind. 133.

It appeared upon the trial and in one of the paragraphs of answer that the articles sold by the appellant to the appellee were for the most part furnished by the appellant for use by the appellee in the construction of a certain expensive dwelling house, and the dispute related to the question whether certain portions of the materials so furnished and used were well seasoned and first-class materials, and in proper condition for such purpose as contracted for by the parties, or were of inferior and unsuitable quality, unseasoned, or seasoned in different degrees of dryness, so that, after being so used, they shrank, and warped, and failed to fit together properly, to the injury of the house and the consequent damage of the appellee, the condition of the materials being known by the appellant, but such defectiveness of the materials not being ascertained by the appellee before they had been used in the construction of the building.

Upon the examination of the appellee as a wit-

ness in his own behalf, he was asked by his attorney to state what, in the opinion of the witness, "the difference in the value of your house is in its present condition, and would have been if the woodwork and doors had remained in the condition they were when they were first put there." The appellant's objection to this question having been overruled, the witness answered, "$700." It was alleged in the answer, and there had been evidence tending to prove, that it was expressly agreed that the articles to be furnished for the construction of the house should be first-class, well seasoned, and suitable for such purpose.

The witness had testified to various imperfections in the house, occasioned by the want of proper seasoning of the articles for finishing, which had been furnished by the appellant, but he had not testified to the value of the house. No objection was made on the ground that the witness had not been shown to be qualified to express an opinion as to the value of the house, but the question was objected to as not being the proper way to prove damages. It is contended on behalf of the appellant that, if the articles furnished were not of the quality stipulated in the alleged contract, the only proper measure of damages would be the difference between the market value of the doors, window frames, and other articles, at the time they were received by the appellee, and the contract price. The measure of relief for a breach of warranty is the difference between the actual value and the value that the article would have had if it had been as warranted, the price paid being evidence of this value. *Street* v. *Chapman*, 29 Ind. 142; *Ferguson* v. *Hosier*, 58 Ind. 438; *Hege* v. *Newsom*, 96 Ind. 426; *Blacker* v. *Slown*, 114 Ind. 322; *Bushman* v. *Taylor*, 2 Ind. App. 12; *Green* v. *Witte*, 5 Ind. App. 343. This general rule of damages is applicable to those ordi-

nary cases where it will afford full compensation for the loss suffered. But the special value to the vendee of the purchased article will be taken into account where it was known to the seller at the time of the sale that the article was being purchased for a special use, and he expressly or impliedly contracted to furnish an article suitable for the special purpose, the controlling principle being to give compensation commensurate with the loss or injury, confining the recovery to damages for such loss or injury as may reasonably be regarded as arising from the breach, or as within the contemplation of the parties when they made the contract as a probable result of a breach thereof. In *Page* v. *Ford,* 12 Ind. 46, where a boiler, warranted to be suitable for a particular purpose, proved upon use for such purpose to be unsound, and in consequence thereof the purchaser suffered damage by reason of the destruction of his property situated near the boiler when in use, it was held that such injury should be regarded as a natural and legitimate result of the breach of warranty.

Where a manufacturer sold barrels to be used for the purpose of storing whisky therein, with warranty of fitness for that purpose, and the purchaser, believing them to be fit for the purpose, so used them, he could recover for the loss of the whisky by leakage. *Poland* v. *Miller,* 95 Ind. 387.

Where articles for a particular use, known to the seller, were furnished by him, and accepted by the buyer, after the time stipulated in the contract, the buyer, it was held, could recover the loss suffered by him through the delay; that loss being such as might fairly be considered to have been contemplated by the parties when they made the contract. *Berkey, etc., Co.* v. *Hascall,* 123 Ind. 502.

In *Wait* v. *Borne,* 123 N. Y. 592, 25 N. E. 1053, 8 L. R.

A. 65, the opinion was expressed that in case of a sale of oil to be used in the manufacture of carpets, with warranty, the proper rule of damages would generally be the difference between the market value of the carpets as they would have been if the oil had been equal to the warranty and their value as they actually were.

Where coal dust was sold to be used in the manufacture of brick, with a warranty that it was free from soft coal dust, the buyer stating to the seller that it would damage the brick to be manufactured, the seller, it was held, was liable for the amount of damage suffered by the buyer through injury to the brick caused by an intermixture of soft coal dust. *Milburn* v. *Belloni*, 39 N. Y. 53, 100 Am. Dec. 403. See, also, *Bagley* v. *Cleveland, etc., Co.*, 21 Fed. 159; *Dushane* v. *Benedict*, 120 U. S. 630, 7 Sup. Ct. 696; *Swain* v. *Schieffelin*, 134 N. Y. 471, 31 N. E. 1025, 18 L. R. A. 385.

If the appellee, when, through the shrinking and warping of the articles and materials furnished by the appellant, their inferior quality had become known to him, had caused such unsuitable parts of the house to be replaced with others made of first-class materials, he perhaps might have recovered from the appellant the expense thus occasioned. But he was not bound to do this in order to have his action against the appellant. He had a right to keep his house in its damaged or inferior condition, and to sue for the breach of the contract, by which he was damaged to the extent of the difference between the actual value of the house and the value of such a house as must be regarded as in contemplation of the parties when they made the contract. The appellant's failure to comply with the contract had occasioned injury to that extent.

A witness will not be allowed ordinarily to give his opinion of the amount of damages a party has sustained from an act or omission in controversy. It is for the jury to assess the damages by applying the law as given by the court to facts in evidence. *Evansville, etc., R. Co.* v. *Fitzpatrick,* 10 Ind. 120; *Ohio, etc., R. Co.* v. *Nickless,* 71 Ind. 271; *Bissell* v. *Wert,* 35 Ind. 54; *City of Logansport* v. *McMillen,* 49 Ind. 493; *Pittsburg, etc., R. Co.* v. *Hixon,* 79 Ind. 111; *Yost* v. *Conroy,* 92 Ind. 464.

A witness shown to be properly qualified may be permitted to testify as to the value of anything whose value enters into the measure of damages. The rule as established by the case last cited, and as followed in many subsequent cases, seems to be, that a qualified witness may testify as to the value of land or other thing before an act or event which it is claimed affects its value, and as to its value thereafter. This is, in effect, the form in which the rule has been stated. *Hire* v. *Kniseley,* 130 Ind. 295; *Evansville, etc., R. Co.* v. *Fettig,* 130 Ind. 61; *Goodwine* v. *Evans,* 134 Ind. 262; *City of Lafayette,* v. *Nagle,* 113 Ind. 425; *Louisville, etc., R. Co.* v. *Peck,* 99 Ind. 68.

It would seem that, whatever the particular form of eliciting the testimony, it should amount to a statement of the value before and after. *Yost* v. *Conroy, supra.* A question is not proper which, in effect, calls upon the witness to estimate the amount of the damages which should be assessed by the jury because of the act or omission for which damages are claimed in the action. This was the character of the question to which the appellant objected, and the answer elicited was the opinion of the witness as to the amount which should be allowed by the jury for the alleged breach of contract.

The judgment is reversed, and the cause is remanded for a new trial.