## BURR v. WILSON.

PROMISSORY NOTES.—FAILURE OF CONSIDERATION.—Suit upon a promissory note. Answer, that the consideration of the note had failed, in this, that said note was given for a part of the price of a grain warehouse, &c., purchased by defendant of plaintiff; that at the time of said sale plaintiff had an agency for another party to buy grain on commission at said warehouse, and by the terms of the sale was to transfer said agency to defendant, which he had failed to do, &c., and that if said agency had been transferred defendant could have made, during that grain season, $400, the amount of the note sued on.

*Held*, that as the agency was for no determinate period, and depended upon the will of another, there was no method by which its value could be estimated, and hence the answer was bad.

APPEAL from the *Henry* Common Pleas.

RAY, J.—Complaint upon a promissory note executed by *Wilson* to the appellant and a third person, who transferred his interest by indorsement to the appellant.

Answer in two paragraphs. The first admits the execution of the note, but alleges a failure of the consideration thereof, in that a purchase had been made by the appellee,

for the sum of $700, from the persons to whom the note was made payable, of a lot of ground and a warehouse situated thereon, and sixty-eight wheat sacks, and also an agency for the purchase of wheat upon a commission of five cents per bushel, which agency was to be transferred to the appellee. The paragraph avers that $400 had been paid upon the execution of the deed for the real estate, and that the note in question was given for the residue of the price, but that the wheat sacks had not been delivered to the appellee, nor had the agency for the purchase of wheat been transferred, nor had any other agency been procured for the appellee. The value of the wheat sacks is alleged to have been $78, and it is claimed that if the agency for the purchase of wheat had been procured for the appellee, in fulfillment of the contract, that he would have realized the sum of $400 during that season. A demurrer filed to this paragraph of the answer was overruled.

It is urged by the appellant that the damage for the failure to transfer the agency for the purchase of wheat cannot be estimated, and that therefore the paragraph, while attempting to answer the complaint in full, only in fact answers it as to part of the sum demanded. We think this objection is well taken. There is no averment in the answer that the agency was to continue for any fixed period. Its continuance was to depend upon the will of a person who was no party to the contract set out in the answer. The payees of the note would have complied with their contract had they procured the transfer of the agency to the appellee, even if the agency had been terminated, without any fraud on the part of the payees, immediately after such transfer. The continuance of the agency was a matter over which the payees of the note had no control, and about which, by the terms of their contract, they assumed no responsibility. There is no method by which the value of an agency thus uncertain in its duration can be determined.

The second paragraph of the answer, to which a demurrer was also overruled, is subject to the same objection,

and the demurrers to both paragraphs should have been sustained.

Upon the trial, the court instructed the jury that, "In estimating the value of the agency to buy wheat, they might ascertain the amount of wheat the defendant would have bought on commission from the time of the purchase of the agency up to the time the defendant commenced business at that warehouse under another agency to buy wheat." Without attempting any careful criticism upon the instruction, it is sufficient ground for reversal that it fixes a time for the continuance of the agency, which is not authorized by the terms of the contract.

The judgment is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.

*T. B. Redding* and *J. H. Mellett*, for appellant.
*Brown* and *Polk*, for appellee.