## EARP *v.* THE COMMISSIONERS OF PUTNAM COUNTY and Others.

PRACTICE.— *Demurrer.— Amendment.— Waiver.*—The filing of an amended pleading, after a demurrer has been sustained to the original, is a waiver of any error in the ruling on the demurrer.

COUNTY CLERK.—*Record.—Costs.*—The statute forbids the clerk from certifying

any original pleading, after an amended pleading has been substituted; and the Supreme Court can only examine such papers for the purpose of determining the proper person to be taxed with the costs for a violation of the statute.

APPEAL from the Putnam Common Pleas.

BUSKIRK, J.—This was a proceeding to enjoin the commissioners, auditor, and treasurer of Putnam county from purchasing a poor farm and a safe for the use of the treasurer.

The only error assigned is based upon the action of the court in sustaining a demurrer to the complaint. There is no available error presented by the record in this case. The facts as they appear of record are as follows:

The original complaint was filed on the 2d day of March, 1867. On the 25th day of May, 1867, the appellant filed an amendment to the complaint, consisting of an additional paragraph. On the 17th judicial day of the June term, 1867, the appellees filed a demurrer to the complaint, which the court took under advisement until the next term. On the 3d judicial day of the October term, 1867, the cause was continued.

On the 21st judicial day of the February term, 1868, the cause was continued.

On the 4th judicial day of the June term, 1868, the cause was continued.

At the October term, 1868, the demurrer to the complaint was sustained, and the appellant asked and obtained leave of the court to amend the complaint. On the 5th judicial day of said term the following entry is made in the order book, namely:

"Come now the parties by their attorneys aforesaid, and now the plaintiff on motion files his amended complaint herein, to wit (insert), and now the defendants on motion re-file the said demurrer to said amended complaint, to wit (insert), which demurrer is by the court sustained, to which judgment of the court in sustaining the demurrer to said amended complaint the plaintiff excepts."

.Then follows the judgment on demurrer and the prayer for an appeal to this court.

Neither the amended complaint nor the demurrer were copied into the record.

The appellant by amending his complaint waived any objection to the ruling of the court in sustaining the demurrer to the original complaint; and the failure of the clerk or of the appellant to have the amended complaint and demurrer set out in the record renders it impossible for this court to determine whether the court erred in sustaining the demurrer to the amended complaint.

Section 559 of the code, 2 G. & H. 273, provides: "Neither shall the clerk certify any pleading first filed, when there is an amended pleading of the same matter subsequently filed, embracing all the pleadings first filed, and the amendments thereto; but shall certify such amended pleading only."

A large number of the clerks of this State continually disregard the plain and undoubted requirement of the above section, and send up to this court pleading that have been withdrawn or amended and no longer constitute a part of the record. This practice imposes upon litigants a heavy expense, and upon the members of this court the necessity of reading such worthless trash, for such pleadings can not be considered by us for any purpose, unless they shall be examined to determine against whom we shall tax the costs for thus imposing on parties and on this court.

There being no available error in the record, we must affirm the judgment.

The judgment is affirmed, with costs.

*M. A. Moore, J. Hanna,* and *R. E. Smith,* for appellant.

*S. Claypool,* for appellees.