No. 9419.

FROMAN v. ROUS, ADM'R, ET AL.

WITNESSES.—*Evidence.*—*Decedents' Estates.*—*Admissions.*—*Statute Construed.*
—On trial of an action by an administrator, the defendant, under the act of March 15th, 1879, Acts 1879, p. 245, was not competent to testify in denial of admissions proved against him, and shown to have been made since the intestate's death, unless required to testify.

PRACTICE. — *Answers to Interrogatories.* — *Verdict.* — *Amount of Recovery.* — If answers to interrogatories, considered together, show that the party in whose favor they are returned, is entitled to a larger sum than that given him by the general verdict, they are irreconcilable, and the answers must control.

From the Switzerland Circuit Court.

*W. D. Ward* and *T. Livings*, for appellant.

*J. B. McCrellis* and —— *Pleasants*, for appellees.

ELLIOTT, J.—This is an action by Percy Rous, administrator of the estate of Solomon Froman, deceased, upon a note and mortgage executed to his intestate by the appellant.

The administrator proved by two witnesses admissions made by the appellant subsequent to the death of the decedent, and appellant offered himself as a witness to disprove the testimony of these witnesses, but he was held to be not competent, and was not allowed to testify. The statute in force when this case was tried provides that, in all suits where an administrator is a party, " neither party shall be allowed to testify as a witness, * unless required by the opposite party or by the court trying the cause." Acts 1879, p. 246. This statutory provision has been held to apply to just such a case as that under consideration. In *Williams* v. *Allen*, 40 Ind. 295, it was held that a party was not competent to testify in answer to admissions proved against him, and shown to have been made since the intestate's death. We must regard this case as decisive of the question. Whatever may be our opinion as to the correctness of the ruling in the case cited, we are satisfied that it is our duty to adhere to it.

The jury returned a general verdict in appellee's favor, and answered interrogatories propounded by the parties. The appellee Rous moved for judgment on the answers to interrogatories, and the court granted his motion. The effect of this ruling was to give him judgment for $69 more than the sum named in the general verdict.

Appellant is correct in affirming that a judgment can be pronounced upon answers to interrogatories only when they

can not be reconciled with the general verdict. He is also right in asserting that the judgment must proceed upon all, not part, of the answers. But we can not assent to the conclusion drawn from these propositions. We have no doubt that a plaintiff may be awarded a larger sum than that stated in the general verdict, if the answers show him entitled to it. Where the facts specially found clearly show that the jury have erred in computing the amount of recovery, there is a conflict between the answers and the general verdict, and the former must control. There may be an inconsistency between a general verdict and the answers to interrogatories, although the general verdict is favorable to the party who prays judgment on the answers.

We do not think the judgment is, as appellant argues, founded upon one answer alone, but that it rests upon a reasonable and just interpretation of them all. It is true that the answer singled out makes the appellee's claim a little plainer, but his judgment does not rest on that one alone, for it is supported by all of the answers considered together.

Judgment affirmed.