[Filed April 17, 1885.]

## MARY C. WELLS *v.* JOHN APPLEGATE, ADM'R.

PRACTICE—DEMURRER—RECORD OF A CAUSE.—When a demurrer is overruled, and the party pleads over, the demurrer is abandoned, and ceases to be a part of the record.

ID.—AMENDMENT.—When a new answer is filed the former answer is in effect withdrawn, and ceases to be a part of the record, and all motions and demurrers relating thereto accompany it.

DOUGLAS COUNTY.   Defendant appeals.   Affirmed

This cause was before this court at the March term, 1883, when it was reversed and remanded for further proceedings.   At the next ensuing term of the Circuit Court, the plaintiff filed an amended compliant.   Defendant filed a second amended answer, denying the material allegations of the complaint, and setting up as new matter several counter-claims.   Part of such new matter was stricken out on motion and a demurrer to the remainder was sustained, whereupon defendant filed a third amended answer, containing only denials of the allegations of the complaint.   Upon the trial, judgment went for the plaintiff.

*C. Ball,* and *Wm. M. Ramsey* for Appellant.

*Wm. R. Willis,* for Respondent.

WALDO, C. J.—A part of the second amended answer was struck out on motion, and a demurrer was sustained to another part setting up a counter-claim.   Defendant thereupon filed another answer purporting to be a new answer, but which it is now argued is not such, because it was but a copy of the former answer with the parts objected to left out; and even if it were a new answer, it is argued that exceptions to the order striking out and in sustaining the demurrer were not waived.   Suppose the answer to be what it purports to be—a new answer.   Then the rule is, when a demurrer is overruled and the party pleads over, the demurrer is abandoned, and it ceases to be a part of the record.   (*Young* v. *Martin,* 8 Wall. 357.)   So, "when a pleading is amended, the original pleading ceases to be a part of the record, because the party pleading having the power, has elected to make the change."   (*Brown* v. *Saratoga R. Co.* 18 N. Y. 495; *Tennant* v. *Pfister,* 45 Cal. 270; *Barada* v. *Caron-delet,* 8 Mo. 649; *Bowles* v. *Doble,* 11 Oreg. 474.)   The correct practice seems to be to ask leave to withdraw the abandoned pleading from the files and to plead over.   (*Caldwell* v. *May,* 1 Stewt. 427; *Ford* v. *Jefferson Co.* 4 Greene, 274; *Earp* v. *Commissioners,* 36 Ind. 470.)   Taking a bill of exceptions will

not aid a party if he pleads over. (*Plummer* v. *Roads*, 4 Iowa, 589.) Then is the answer a new answer? The act of pleading over is conclusive of an intention to abandon the former answer. (And see Laws Oreg. p. 126, § 102.)

The pleadings on which the parties went to trial became the sole pleadings in the case, as if no others ever existed. By filing the new answer the former answer was in effect withdrawn, and all motions and demurrers relating to it accompanied it. This must be so unless it be said that a new answer was not filed; but this contradicts the record. The errors thus waived by pleading over were the errors chiefly relied on to reverse the judgment. The third amended answer simply denied the complaint, and the defendant could not offer evidence of a failure of consideration under an answer containing simply a denial of the allegations of the complaint. (*McKyring* v. *Bull*, 16 N. Y. 304.)

The order must be that the judgment be affirmed.