Filed Oct. 1, 1891.

———◆———

No. 134.

SCHAFFNER *v.* KÖBER.

SPECIAL FINDING.—*General Verdict.— When Will Stand.*—A general verdict must stand, unless the special finding of facts, taken as a whole, is so inconsistent with the general verdict that both it and the special finding can not stand together, the antagonism being apparent upon the face of the record without looking to the evidence.

SAME.—*General Verdict.— Presumptions in Favor of.*—Upon a motion for judgment, on a special finding of facts, every reasonable presumption will be indulged in favor of the general verdict, and if it be possible to reconcile it with the special finding upon any supposable state of facts provable under the issues, the motion will not be sustained.

SAME.— *When Will Control.*—If the answers to interrogatories, taken together, show that the party in whose favor the general verdict is rendered is entitled to a larger sum than that awarded him in the general verdict, the special finding will control.

SAME.—*Motion for Judgment on.— What Court Will Consider.*—While the

Schaffner *v.* Köber.

court, upon a motion for judgment on the findings of the jury in answer to interrogatories, will not look to the evidence, it will consider the pleadings, and will regard the issues.

SAME.—*Answers to Interrogatories.*—*Motion for Judgment on.*—*Overruling of.* —*Bill of Exceptions.*—The action of the court in overruling a motion for judgment on the answers of the jury to interrogatories need not be shown by bill of exceptions.

PROMISSORY NOTE.—*Answer.*—*Total Failure of Consideration Pleaded.*— *Partial Failure May be Shown*—Under an answer setting up facts showing an entire failure of consideration on a promissory note, a partial failure may be proved.

SAME.—*Partial Failure of Consideration.*—*When Recovery Not Affected.*— Where, in a suit on a promissory note, the matter as to which there has been a partial failure of the consideration is so uncertain in its character that there is no method by which the damage arising therefrom can be estimated or determined, the partial failure will not affect the recovery.

QUANTUM MERUIT.—*Special Contract*—*Recovery.*—In an action on a special contract there can not be a recovery on a *quantum meruit.*

ATTORNEY AND CLIENT.—*Promissory Note for Services.*—*Measure of Recovery.*—The general employment of an attorney in a cause, as to defend against an indictment, contemplates the performance by him of all service that may be necessary and proper until the termination of the case. When the contract of employment fixes the amount of his compensation, and a promissory note is given him for such fee for service to be performed, a court, or jury, in an action on the note, can not inquire into the matter for the purpose of making a contract for the parties. If there has been no fraud, the consideration can not be attacked on the ground of its inadequacy. The measure of recovery is the amount of the note, and the jury have no right to measure the amount of recovery by what it finds to be the value of the services actually rendered by the attorney.

From the Marion Superior Court.

*R. Hill,* for appellant.

*W. W. Herod, W. P. Herod* and *W. W. Pringle,* for appellee.

BLACK, J.—This was an action on a promissory note for five hundred dollars, governed by the law merchant, made by the appellee and indorsed by the payee to the appellant.

The appellee answered in three paragraphs. In the first

Schaffner *v.* Köber.

it was alleged that the note was given without any consideration, and was assigned to the appellant after its maturity.

In the second paragraph it was alleged that the consideration for the note had wholly failed. The facts alleged as constituting a failure of consideration, briefly stated, were, that the payee was an attorney at law; that the consideration for the note was his promise and agreement to appear and defend the appellee on a charge pending against him by indictment in the Marion Criminal Court; that after the execution of the note, the payee wholly failed, neglected and refused to appear in court and conduct appellee's defence to said charge, or to perform any duty or service for the appellee in and about his defence; and that the note was assigned to the appellant after its maturity.

The third paragraph was substantially the same as the second, with the addition of certain allegations to the effect that the execution of the note was obtained by fraudulent practices of the payee, and that his services for the appellee were of no value.

The appellant replied by denial. There was a general verdict for the appellant for fifty dollars; and the jury returned answers to interrogatories submitted at the request of the appellant.

The appellant's motion for judgment on the answers of the jury to the interrogatories for the full amount of the note sued on was overruled, as was also his motion for a new trial.

On appeal to the general term of the court below the rulings on these motions were assigned as errors.

In the answers to interrogatories the jury found that the appellee was indicted in the Marion Criminal Court for grand larceny; that before he spoke to said attorney to defend him on the indictment, the appellee had entered into an arrangement to plead guilty to said indictment, and to take a punishment thereon of three years in the penitentiary; that the note sued on was executed in consideration

of the undertaking of the payee to defend the appellee upon · said indictment and to prevent him from being punished by imprisonment in the penitentiary for the offence charged therein; that this contract was fairly and honestly entered into between the payee and the appellee; that there was no fraud practiced by the payee upon the appellee whereby the latter was induced to execute the note; and that the value of the services of the payee in defence of the indictment against the appellee, as shown by the evidence, was the sum of fifty dollars.

It is not necessary, as seems to be supposed by counsel for the appellee, that the action of the court in overruling the motion for judgment on the answers of the jury to interrogatories should be shown by bill of exceptions. *Salander* v. *Lockwood,* 66 Ind. 285; *Terre Haute, etc., R. R. Co.* v. *Clark,* 73 Ind. 168; *Frank* v. *Grimes,* 105 Ind. 346.

The general verdict must stand, unless the special finding of facts, taken as a whole, is so inconsistent with the general verdict that both it and the special finding can not stand together, the antagonism being apparent upon the face of the record, without looking to the evidence. Upon a motion for judgment on such special findings, every reasonable presumption will be indulged in favor of the general verdict, and if it be possible to reconcile it with the special findings upon any supposable state of facts provable under the issues, the motion will not be sustained. *Baltimore, etc., R. R. Co.* v. *Rowan,* 104 Ind. 88; *Cincinnati, etc., R. R. Co.* v. *Clifford,* 113 Ind. 460; *Higgins* v. *Kendall,* 73 Ind. 522; *Davis* v. *Reamer,* 105 Ind. 318; *Cox* v. *Ratcliffe,* 105 Ind. 374; *Porter* v. *Waltz,* 108 Ind. 40.

If the answers to interrogatories, taken together, show that the party in whose favor the general verdict is rendered is entitled to a larger sum than that awarded him in the general verdict, the special findings will control. *Froman* v. *Rous,* 83 Ind. 94; *Brickley* v. *Weghorn,* 71 Ind. 497.

While the court, upon a motion for judgment on the find-

ings of the jury in answer to interrogatories, will not look
to the evidence, it will consider the pleadings and will re-
gard the issues.. *Higgins* v. *Kendall, supra; Louthain* v.
*Miller,* 85 Ind. 161 ; *City of Indianapolis* v. *Kollman,* 79
Ind. 504.

One paragraph of answer, as we have seen, alleged that
the note was given without any consideration, and was as-
signed after maturity. The finding showing the nature of the
consideration was relevant to the issue formed on this para-
graph. It was specially found by the jury that the consid-
eration was the undertaking of the payee to defend the
maker upon the indictment, and to prevent him from being
punished by imprisonment in the penitentiary for the offence
charged therein. It does not appear by the special findings
that he was saved from such punishment. There was no
answer that the consideration had failed in this respect, and
there was no burden on the appellant to prove a considera-
tion, which the note imported, or to prove that the consid-
eration had not failed.

The defence of fraudulent procurement of the execution
of the note was negatived by the special findings.

One paragraph of answer stated as the consideration the
promise and agreement of the payee to appear and defend
the appellee on the charge pending against him by indict-
ment, and alleged the failure, neglect and refusal of the payee
to perform such service, and that the note was assigned after
maturity.

In the answers of the jury it was found that the value of
the services of the payee in defence of the indictment was
fifty dollars. This was not incompatible with proof, admis-
sible under the pleadings, that the attorney failed in an im-
portant part of his duty under his contract through his own
fault alone.

The general verdict being for the appellant, it was sought
by the motion for judgment to control it by the special find-
ings, only by way of increasing the amount of recovery.

. No presumption is to be indulged in aid of the special findings; and the existence of any state of facts provable under the issues may be supposed for the purpose of preventing such inconsistency as would allow the special findings to control, in any respect, the general verdict. If the state of facts which may be thus supposed would be sufficient to reduce the amount otherwise recoverable on the note, it could not be error to overrule the motion for judgment for the full amount of the note upon the special findings.

The grounds of the motion for a new trial, to which our attention has been called, were that the amount of the recovery was too small; that the verdict was not sustained by sufficient evidence, and that it was contrary to law.

The note, and the special agreement of the attorney, constituted one transaction. The action of the appellant on the note, assigned after its maturity, was open to the defences that would lie in an action by an attorney on a special contract for a fixed compensation for his services to be performed.

In an action on a special contract there can not be a recovery on a *quantum meruit*. *Condran* v. *City of New Orleans*, 43 La. Ann.—(9 So. Rep. 31).

It is held in this State that, under an answer setting up facts showing an entire failure of consideration of a promissory note, a partial failure may be proved and allowed. *Landry* v. *Durham*, 21 Ind. 232; *Billan* v. *Hercklebrath*, 23 Ind. 71; *Sinex.* v. *Toledo, etc., R. R. Co.*, 27 Ind. 365.

Where, in a suit on a note, the matter as to which there has been a partial failure of the consideration is so uncertain in its character that there is no method by which the damage arising therefrom can be estimated or determined, the partial failure will not affect the recovery. *Burr* v. *Wilson*, 26 Ind. 389.

*Pennington* v. *Nave*, 15 Ind. 323, was an action on a note given to attorneys for their services to be rendered in defence of a person indicted for perjury. It was held that the

facts that the indictment was *non-prossed*, and the accused was never tried, did not constitute a failure of the consideration, and that evidence to show the value of the services performed by the attorneys was properly rejected. It was said that if the suit had been brought on a *quantum meruit* to recover the value of the services, such evidence would have been legitimate; and that the only question was whether the plaintiffs had performed their part of the agreement; if they had, they were entitled to recover the amount of the note; if not, they were not entitled to recover at all.

In *Bright* v. *Taylor,* 4 Sneed (Tenn.), 158, where there was a special contract between an attorney and his client, the attorney agreeing to defend the client on a charge of felony, and the client agreeing to pay the attorney a specified fee for such service, and the attorney rendered a part of the service, and was ready and willing to render the remainder thereof, but was prevented by the escape of the client from justice, it was held that the attorney could not be restricted to a reasonable compensation for his services rendered, but was entitled to recover the entire fee.

In *Mitcherson* v. *Dozier,* 7 J. J. Marsh. 53 (22 Am. Dec. 116), it was held that where a note was given to an attorney for service to be performed in the defence of the maker in a criminal prosecution, and the attorney, being ready and willing to perform his undertaking in the premises, was prevented from rendering the contemplated service by the suicide of the client, such failure did not constitute a partial failure of the consideration of the note. It was said that if, by any act or omission on the part of the attorney, without default of the client, the stipulated service had not been rendered, there would have been a partial failure of the consideration. See *Morgan* v. *Roberts,* 38 Ill. 65; *Baird* v. *Ratcliff,* 10 Texas, 81.

Where a note was given for a retainer in a criminal case, the death of the accused by mob violence, without trial, was

held to constitute a partial failure of consideration.    *Agnew* v. *Walden*, 84 Ala. 502.

In *Clendinen* v. *Black*, 2 Bailey, 488, it was held that notes given as compensation for services which the payee undertook to perform as a solicitor in certain suits in equity, where he rendered some service therein, but died before their termination, might be apportioned.    It was said that taking the notes as the value of the whole of the services which the payee was to have rendered, his representatives should recover such a proportion of the amount of the notes as the services actually rendered bore to the whole services which were to be performed in consideration of the notes.

In *Black* v. *Ridgway*, 131 Mass. 80, it was held that partial failure of the consideration of a promissory note is a defence to an action on the note only to the extent of the injury sustained by such failure.

If, in an action on a special contract, the defendant pleads failure of consideration, and proves a partial failure which may be estimated and apportioned, there may be a recovery by the plaintiff.    If the consideration be services which have partly failed, the recovery can not be based upon the reasonable value of the services rendered as upon a *quantum meruit;* but it must be upon the contract, the stipulated price being reduced by the partial failure of the consideration, the amount of the reduction being estimated by taking the compensation stipulated as the criterion by which to fix the rate of reduction.

It appeared in evidence that the appellee was indicted for grand larceny; that he entered a plea of not guilty; that he withdrew this plea and pleaded guilty of petit larceny, and was sentenced to pay a nominal fine, to be imprisoned in the county jail for five days, to be disfranchised and incapable of holding any office of trust or profit during that period, and to pay costs.

There was some evidence of assistance rendered the accused in his defence by a deputy sheriff.

The evidence concerning the services of the attorney, the payee of the note, was conflicting. The jury found that he rendered some service, of the value of fifty dollars. The note, *prima facie*, imported a consideration, which was open to inquiry under the issues.

The general employment of an attorney in a cause, as to defend against an indictment, contemplates the performance by him of all service that may be necessary and proper until the termination of the case. When the contract of employment fixes the amount of his compensation, and a promissory note is given him for such fee for service to be performed, a court or jury in an action on the note can not inquire into the matter for the purpose of making a contract for the parties. If there has been no fraud, the consideration can not be attacked on the ground of its inadequacy.

The jury had no right to measure the amount of the appellant's recovery by what it found to be the value of the attorney's services.

The judgment is reversed, with costs, and the cause is remanded for a new trial.

Filed Oct. 2, 1891.