## MADDEN, ADMINISTRATOR v. DUNN.

[No. 3,059. Filed April 17, 1900.]

PLEADING.—*Amendment.—Appeal and Error.—Record.*—An amended complaint supersedes the original complaint and puts it out of the record. *pp. 507, 508.*

PRACTICE.—*Judgment on Answers to Interrogatories.—Appeal and Error.*—Where a judgment rendered in favor of a party is too small, his proper remedy is by a motion for a new trial for such cause, not by motion for judgment on answer to interrogatories for a larger amount. *pp. 508, 509.*

From the De Kalb Circuit Court. *Affirmed.*

*W. H. Leas, J. E. Rose, J. H. Rose, J. W. Baxter, C. M. Brown, T. R. Marshall, W. F. McNagny* and *P. H. Clugston,* for appellant.

*E. V. Harris, J. F. Shuman* and *F. S. Roby,* for appellee.

BLACK, J.—In the transcript of the record before us it is stated that on the 8th day of May, 1896, the appellee, George H. Dunn, and Almette Dunn filed their claim against the estate of Catherine Gardner, deceased, repre-sented in the court below and here by the appellant. The claim, in its form as so filed, is not shown in the record. It is further stated that at the October term of the court below, said claim not having been allowed by the administrator of said estate, the same was transferred to the judge's probate docket for trial. At the March term, 1897, it appears that an amended complaint was filed, which is not set out. At a subsequent term, in January, 1898, the amended complaint was withdrawn, and leave was granted to file a second amended complaint, and the clerk has set out in the transcript what he states is this second amended complaint. In January, 1899, it is stated, the plaintiff filed a second amended complaint, which is set out, being a complaint of the appellee alone against the appellant. Two days later the court granted leave to the plaintiff to amend his complaint by leaving out the name of Almette Dunn as plaintiff, and her name was struck out of the amended complaint. It appears by a bill of exceptions that on the same day the appellant filed his verified motion, by the terms of which he appeared specially "to the amended complaint of George H. Dunn as filed in this cause," and moved that "the said amended complaint be dismissed or that the said claim be ordered filed and entered upon the claim and allowance docket for allowance by the administrator for such time as is allowed by law, before the same is prosecuted in or tried by the court or a jury," assigning as cause that the estate had been pending in said court for

a long time for settlement, and that the claim of George H. Dunn had never been filed with the clerk and thence regularly transferred to the trial docket. The court having overruled this motion, an answer of set-off and a reply in denial were filed. The cause was tried by jury, and a general verdict in favor of the appellee for $800, with answers to interrogatories, was returned. A motion of the appellee for judgment upon the interrogatories, their answers, and the general verdict, and also his motion for judgment on the interrogatories and their answers for $1,646, or such other amount as may be shown due therein, were overruled, and the court rendered judgment upon the general verdict. The appellant moved that all costs be taxed to the appellee, for the reason that the claim was filed after the expiration of one year from the time of giving notice by the administrator of his appointment, which motion was overruled.

Counsel for appellant, in argument, advert to the condition of the record, which they say can only be explained by the unfortunate custom of the clerks in some counties of making entries in estate cases just as the papers happen to come to hand, and not in their regular order. Counsel for appellant refer to the complaint filed in January, 1899, as a complaint, "which was assumed to be an amendment by striking out, upon leave of court, the name of Almette Dunn as plaintiff." If we accept this statement, then this complaint of the appellee alone against the appellant, filed in January, 1899, and set forth in the record, is the amended complaint upon which the trial was had.

The discussion of counsel on behalf of the appellant assumes the presence in the record of the complaint which was superseded by this amended complaint, and the questions discussed require for their determination a comparison of these complaints, and counsel in argument undertake such comparison. No attempt was made by any of the numerous bills of exceptions to bring back into the record

the superseded complaint, nor was there any order of court purporting to make it a part of the record. The statute prescribes that in making up the transcript for appeal the clerk shall not certify any pleading first filed, when there is an amended pleading of the same matter subsequently filed, embracing all the pleadings first filed, and the amendments thereto, but he shall certify such amended pleading only. §662 Burns 1894, §650 Horner 1897. See *Earp* v. *Board, etc.*, 36 Ind. 470; *Miles* v. *Buchanan*, 36 Ind. 490. An amended complaint supersedes the original complaint, and puts it out of the record. *Westerman* v. *Foster*, 57 Ind. 408; *Eshelman* v. *Snyder*, 82 Ind. 498; *Berghoff* v. *McDonald*, 87 Ind. 549.

Under a cross-assignment of errors, counsel for appellee have contended that upon his motions for judgment above mentioned the court should have rendered a judgment in his favor for a larger sum than the amount of the general verdict, reference being made in argument to particular interrogatories and the answers of the jury thereto, which it is claimed indicate that the amount of recovery was too small. The learned counsel have not cited any authority for such practice as that for which they thus seek approval. The general verdict covers the whole matter in issue, and determines every material question against the unsuccessful party, including the application of the law to the facts, while the special findings in answer to proper interrogatories only determine particular questions of fact.

By the statute of 1897, all laws and parts of laws in conflict with its provisions being repealed, it was enacted "that in all actions hereafter tried by a jury, the jury shall render a general verdict, but in all cases where requested by either party, the court shall instruct them when they render a general verdict to find specially upon particular questions of fact to be stated to them in writing in the form of interrogatories on any or all the issues in the cause, and this shall be the only form of verdict submitted to or ren-

dered by the jury in the cause:   Provided, the provisions in this section shall not apply to cases in equity.   These interrogatories are to be recorded with the verdict." Acts of 1897, p. 128, §546 Horner 1897, §§555a, 555b Burns Supp.   Such special findings of facts alone, or in connection with the general verdict, are not intended to answer the purposes of a special verdict.   The chief purpose and use of the interrogatories and answers thereto are indicated by the statutory provision that "when the special finding of facts is inconsistent with the general verdict, the former shall control the latter, and the court shall give judgment accordingly."   §556 Burns 1894, §547 Horner 1897.   The use of the special findings, upon motion, is to override the general verdict by reason of irreconcilable inconsistency between them; and, if an apparent inconsistency might be removed by evidence admissible under the issues, there is no absolute antagonism.

It is provided by statute that in actions for the recovery of money the jury must assess the amount of the recovery. §556 Burns 1894, §547 Horner 1897.   The jury assessed the amount of recovery in their general verdict for the appellee, and it was not within the province of the court to reassess the amount for the appellee upon the special findings on particular questions of fact in answer to interrogatories alone, or in connection with the general verdict. For this court to assume to direct the entry of a judgment for a larger amount for the appellee would involve the original determination by the appellate tribunal of a matter which was within the province of the jury, under the instructions of the trial court.

If the appellee supposed the amount assessed in his favor to be too small, his proper remedy, indicated by statute, was to move for a new trial for such cause.   Judgment affirmed.