## WOOD v. WACK.

[No. 4,423.   Filed May 26, 1903.]

CONTRACTS.—*Mistake.—Fraud.*—Where a person signs an agreement from which certain stipulations previously agreed to were omitted, and there is no relationship between the parties so as to excuse lack of care, the person so signing will be bound by the contract.  *pp. 254–256.*

FRAUD.—*Diligence.*—If one fails to use ordinary care and diligence to guard against fraud and imposition, he can not obtain relief from the courts.  *p. 256.*

TRIAL.—*Recovery too Small.—Remedy.*—Where plaintiff claims that the jury's answers to interrogatories entitle him to an amount greater than the general verdict, his remedy is by motion for judgment *non obstante veredicto*, and not by motion for new trial.  *Madden* v. *Dunn*, 24 Ind. App. 505, overruled.  *pp. 256, 257.*

APPEAL.—*Harmless Error.*—Error in overruling a demurrer to an answer is harmless, where the jury found for plaintiff.  *p. 257.*

CONTRACT.—*Breach.—Measure of Damages.*—Where plaintiff sues for breach of a contract by which he was employed by defendant to install an electric light plant, the measure of damages is the difference between the contract price and the amount which it would have cost him to perform the contract.  *p. 257.*

TRIAL.—*General Verdict.—Answers to Interrogatories.—Conflict.*—Where the facts specially found by the jury in answers to interrogatories clearly show that the jury have erred in computing the amount of recovery fixed by the general verdict, the special findings control.  *pp. 257, 258.*

From Perry Circuit Court; *E. M. Swan,* Judge.

Wood *v.* Wack.

Action by Harry I. Wood against William Wack. From a judgment for plaintiff granting insufficient relief, plaintiff appeals. *Reversed.*

*E. C. Henning, W. C. Henning* and *G. W. Smith,* for appellant.

*I. S. Bramel, A. J. Clark* and *C. A. Weathers,* for appellee.

Comstock, P. J.—Appellant was plaintiff below. The cause has been twice tried. Upon the first trial a verdict was returned in favor of the appellant for $300, and his motion for a new trial was sustained. Upon the second trial a verdict was returned in his favor for $250, upon which verdict judgment was rendered. He moved the court for judgment for $1,160.68, on the answers to interrogatories returned by the jury with the general verdict.

The complaint alleges that on the 18th day of August, 1899, the appellant, in writing, proposed to install for the appellee, at the town of Troy, Indiana, for the sum of $4,145, an electric light plant, complete; that on the 21st day of August, 1899, the appellee, in writing, accepted this proposal (the terms of the payment were agreed upon, and attached to the proposal and acceptance, all being referred to as exhibits A and B); that appellant was preparing to perform his part of the contract, and was ready and willing at all times to do so; that on September 9, 1899, the appellee wrongfully repudiated the contract and refused to be bound by it; that the appellant could have earned the sum of $1,160.68 out of said contract, and prays damages in that sum. The exhibits referred to are filed with the complaint. To this complaint appellee filed an answer in two paragraphs, the second paragraph of which was a general denial. The first alleged, in substance, that appellee was a priest; that he had long and favorably known Beckman, Dilger & Co., of Ferdinand; that these people,

together with appellant, had constructed an electric light plant in that town, which was in successful operation; that after appellee had determined to erect an electric light plant in the town of Troy, where he lived, he inspected the plant at Ferdinand, and, being satisfied as to its capacity, and the manner in which it was constructed, and with its operation, he ascertained from his friends, Beckman, Dilger & Co., that the appellant had constructed the electrical part of said plant; that soon thereafter Beckman, Dilger & Co. brought about the introduction of appellant to appellee at the town of Troy; that negotiations were taken up, and an understanding reached, whereby a duplicate of the Ferdinand plant was to be installed for appellee at Troy; that appellant was to do the electrical part of said work, and that the latter were to guarantee the proper construction and successful operation of said plant; that the said agreement was reached between appellant, appellee, and Beckman, Dilger & Co., and was well understood by each of the parties interested; that appellant reduced to writing, on his own stationery, what purported to be the agreement, and stated that it did contain the agreement, and that appellee signed it, believing and understanding that the verbal agreement was embodied in the written agreement, and having no reason to believe otherwise; that appellant knew that said writing did not contain said verbal agreement, and that he had left it out for the fraudulent purpose of obtaining a wrongful advantage over appellee; that so soon as appellee discovered said fact, and before the rights of any innocent third person had intervened, and before appellant had expended any time or money on said contract, he notified appellant that he would not be bound by said writing.

It is averred in the answer that at the time he executed and signed said paper he "did not give any attention to the wording of the beginning and closing" of said alleged contract; that he "only gave his thought and concern to the

Wood *v.* Wack.

make, style, and character of the engine and boiler and the dynamo, the character of the lamps and other material to be used in the construction of the plant." It thus appears that he failed to read that part of the contract showing the parties thereto.

The questions discussed are the action of the court in overruling appellant's demurrer to the appellee's amended answer in one paragraph, and in overruling appellant's motion for judgment on the answers of the jury to interrogatories, notwithstanding the general verdict. In *Robinson* v. *Glass,* 94 Ind. 211, the Supreme Court, speaking by Elliott, J., says: "Ordinarily, one contracting party has no right to rely upon the statements of the other as to the character or contents of a written instrument (this, indeed, is only another form of stating the general rule); but while this is true, it is also true that if a known trust and confidence is reposed in the person making the representations, and there is a relationship justifying such trust and confidence, then the person to whom the representations are made may rely upon them." *Shaeffer* v. *Sleade,* 7 Blackf. 178; *Peter* v. *Wright,* 6 Ind. 183; *Bischof* v. *Coffelt,* 6 Ind. 23; *Matlock* v. *Todd,* 19 Ind. 130; *Worley* v. *Moore,* 77 Ind. 567; 2 Parsons, Contracts (7th ed.), 774. See, also, *Nebeker* v. *Cutsinger,* 48 Ind. 436; *Dutton* v. *Clapper,* 53 Ind. 276; *Miller* v. *Powers,* 119 Ind. 79, 4 L. R. A. 483.

In Pomeroy, Eq. Jurisp. (2d ed.), §892, the rule is thus stated: "As a generalization from the authorities, the various conditions of fact and circumstance with respect to the question how far a party is justified in relying upon the representation made to him may be reduced to the four following cases, in the first three of which the party is not, while in the fourth he is, justified in relying upon the statements which are offered as inducements for him to enter upon certain conduct: (1) When, before entering into the contract or other transaction, he actually resorts

to the proper means of ascertaining the truth and verifying the statement. (2) When, having the opportunity to make such examination, he is charged with the knowledge which he necessarily would have obtained if he had prosecuted it with diligence. (3) When the representation is concerning generalities equally within the knowledge or the means of acquiring knowledge possessed by both parties. (4) But when the representation is concerning facts of which the party making it has, or is supposed to have, knowledge, and the other party has no such advantage, and the circumstances are not those described in the first or second case, then it will be presumed that he relied upon the statement; he is justified in doing so."

The facts pleaded do not show that appellant sustained a relation of trust and confidence to appellee. It is a fundamental principle that a man is bound to use ordinary care and diligence to guard against fraud and imposition, and that, if he fails to do so, he can not obtain relief from the courts. *Clodfelter* v. *Hulett*, 72 Ind. 137, 144, and cases cited. It appears from the averments of the answer that the relation of appellant and appellee were not such as to justify the existence of trust and confidence. Appellee was an intelligent man—a man of affairs. It is not alleged that the agreement in question was not read to him, nor that he did not have an opportunity of reading it, before affixing his signature thereto. He had had no business, and no previous acquaintance, with appellant. The means of information as to the nature and contents of the agreement were within his immediate reach, and he neglected to avail himself of them, when it was clearly his duty to do so. To hold that, under the circumstances, he was excused from so doing, would be a dangerous precedent.

It is contended by appellee that the remaining specification of error discussed represents no question, for the reason that if appellant claimed that the answers to interrogatories entitled him to an amount greater than that

given by the general verdict, he should have moved for a new trial. The following cases hold that the proper remedy is by motion for judgment *non obstante veredicto:* *Brickley* v. *Weghorn,* 71 Ind. 497; *Schaffner* v. *Kober,* 2 Ind. App. 409; *Froman* v. *Rous,* 83 Ind. 94; *Adamson* v. *Rose,* 30 Ind. 380. *Madden* v. *Dunn,* 24 Ind. App. 505, cited by the appellee, is in conflict with the foregoing decisions. The decisions of the Supreme Court are controlling. It is therefore overruled.

The first paragraph of answer was pleaded in bar. The court erred in overruling the demurrer thereto, but, as the jury found for the appellant, the ruling was harmless.

The question being properly presented by the motion for judgment on the answers to interrogatories, is appellant entitled to an amount greater than that fixed by the verdict? The measure of damages for the breach of the contract in question is "the difference between the contract price, the amount which he would have earned and been entitled to recover on performance, and the amount which it would have cost him to perform the contract." *Fairfield* v. *Jeffreys,* 68 Ind. 578, and cases cited.

In *Froman* v. *Rous, supra,* the court say: "We have no doubt that a plaintiff may be awarded a larger sum than that stated in the general verdict, if the answers show him entitled to it. Where the facts specially found clearly show that the jury have erred in computing the amount of recovery, there is a conflict between the answers and the general verdict, and the former must control. There may be an inconsistency between a general verdict and the answers to interrogatories, although the general verdict is favorable to the party who prays judgment on the answers."

The answers to interrogatories show every fact essential to establish the averments of the complaint. They show that the contract price of the work was $4,145, and that it would have cost appellant to perform the contract $2,-

984.32.    The difference, $1,160.68 is the amount which appellant is entitled to recover.

The judgment is reversed, with instruction to sustain appellant's motion for judgment on the answers to interrogatories for $1,160.68.

Robinson, C. J., Wiley, Roby, and Henley, JJ., concur; Black, J., dissents.