## MORRIS ET AL. *v.* FOX ET AL.

[No. 10,841. Filed June 9, 1922. Rehearing denied December 8, 1922. Transfer denied March 15, 1923.]

1. CONTRACTS.—*Contract to Build House in Good, Workmanlike Manner.—Construction.*—In a contract to erect a house with an exterior covering of stucco to be placed on a specified sheathing, a provision that the building was to be constructed in a "good, substantial, workmanlike manner," means the man-

ner in which a skilled workman would do it, and, hence that the side of the sheathing should be placed outermost which would produce the best results, so that the complaint, in an action for breach of the contract predicated upon failure to properly place the sheathing, was not demurrable for failure to allege that the contract required the sheathing to be placed upon the building in any particular manner. p. 391.

2. CONTRACTS.— Breach.— Action for Damages.— Jury Questions.—In an action for breach of a contract to build a house with an exterior covering of stucco to be placed on a specified sheathing, what was the proper way to place the sheathing on the building, held a question for the jury. p. 391.

3. DAMAGES.—Measure of Damages.—Breach of Building Contract.—Where a contract for the construction of a house provided for an exterior covering of stucco to be placed on a specified sheathing, and the sheathing was improperly placed, so that the stucco became loose and fell off after the house was completed and the owner had paid the contract price, the measure of damages, in an action by the owner for breach of the contract, is the difference between the value of the building as constructed and what its value would have been had it been constructed in accordance with the contract. (Springer v. Jones [1919], 76 Ind. App. 269, distinguished.) p. 392.

From Lake Superior Court; Virgil S. Reiter, Judge.

Action by Jacob Fox and others against Henry L. Morris and others. From a judgment for plaintiffs, the defendants appeal. Affirmed.

William J. Whinery and Ralston, Gates, Lairy, Van Nuys & Barnard, for appellants.

William J. McAleer, Francis J. Dorsey and Gerald A. Gillett, for appellees.

REMY, J.—Action by appellees against appellants for damages resulting from an alleged breach of a building contract. The averments of the complaint which are necessary to a proper determination of the questions involved in this appeal are, in substance, that in consideration of $3,155, appellants were to furnish all the materials and do all the work in the construction of a dwelling house, the work to be done in a "good, substantial and workmanlike manner" and in accordance

with certain plans and specifications which, among other things, stipulated that the exterior of the building was to be covered with a material known as Kellastone stucco placed on Byrkett sheathing; that the Byrkett sheathing is so made as to have a right and wrong side, the right side having on the face thereof slots or keys, so that when it is placed outermost, and the Kellastone is applied thereto, the slots or keys will hold the Kellastone in place upon the building; while the other side of the sheathing is more or less smooth with no slots or projecting keys to hold the Kellastone when applied; that "a substantial workmanlike performance" of the contract demanded that the sheathing should be placed on the building with the slots or keys on the outside; that appellants instead of nailing the Byrkett sheathing on the building with the right side, that is to say the side having the slots and keys outermost, nailed the sheathing on the building with the slot or key side innermost; that as a result the Kellastone which was afterwards applied on the exterior of the building by appellants "had no support or surface to cling to," causing much of it to become loosened and to fall, all to appellees' damage.

A demurrer to the complaint for want of sufficient facts having been overruled, an answer in denial closed the issues. Trial resulted in a verdict and judgment in favor of appellees.

Alleged errors assigned are: (1) Overruling demurrer to complaint; and (2) overruling motion for new trial.

It is urged by appellants that the complaint is insufficient for the reason that it is not averred that the contract forming the basis of the complaint 1, 2. contained a provision which required the Byrkett sheathing to be placed upon the building in any particular manner. It must not be overlooked that ap-

pellants by their contract agreed to construct the building in a "good, substantial, workmanlike manner." The term. thus used by the parties has a fixed meaning in the building trades.  To do the work in the building of a house in a good, workmanlike manner, is to do the work as a skilled workman would do it.  *Fitzgerald* v. *LaPorte* (1897), 64 Ark. 34, 40 S. W. 261.  By taking the contract to build the house, using the Byrkett sheathing, appellants held themselves out as workmen skilled in the use of that material; and when they agreed to do the work in a "good, workmanlike manner," appellees had a right to assume that they were skilled workmen, and well knew which side of the sheathing should be placed outermost so as to get the best results, and that they would do the work as men skilled in their trade.  *Ideal Heating Co.* v. *Kramer* (1905), 127 Iowa 137, 102 N. W. 840.  What was the proper way to place the sheathing upon the building was, of course, a question of fact for the jury.  The complaint is not drawn on the theory of negligence, but is for a breach of contract; therefore, many of the authorities cited by appellants are not applicable.  The court did not err in overruling the demurrer to the complaint.

It appears from the record that there is evidence tending to prove the material allegations of the complaint; also the uncontradicted evidence shows that the

3.  house as built is of the value of $2,500, but would have been of the value of $3,500 if it had been built in accordance with the contract.  The trial court instructed the jury that if they found for the plaintiffs "the measure of their damages, if any, is the extent of the difference, if any, between the actual fair cash market value of the house at the time it was turned over to the plaintiffs had it been constructed according to the contract, plans and specifications, if you find it was not constructed according to the contract, plans and speci-

fications as alleged in the complaint, and the actual fair cash market value of the house at that time in the condition you find it then was." The jury assessed the damages at $800. It is contended by appellants that the damages assessed are excessive, and that the court erred in its instruction as to the assessment of damages. It is the contention of appellants that the maximum of the recovery in an action of this kind is fixed by the contract price of the building to be erected, and that, in as much as appellees were to pay to appellants the sum of $3,155, the most that could have been recovered is the difference between that sum and $2,500 the value of the house as built, or $655. The contention of appellants is erroneous; otherwise the owner who contracts for a building would not get the full benefit of his contract. It is fundamental that a party is entitled to have what he contracts for, or its equivalent. Where the owner, believing that a building has been completed in accordance with his contract, pays in full the contract price, and takes possession, but thereafter finds that there has been such a breach of the contract that in order to make the work conform to the contract requirements, a substantial part of what has been done must be undone, the measure of damages in an action by the owner is the difference between the value of the building as constructed and what its value would have been had it been constructed in accordance with the contract. *Elwood, etc., Co.* v. *Harting* (1899), 21 Ind. App. 408, 412, 52 N. E. 621; *White* v. *Brockway* (1879), 40 Mich. 209; *Walsh Const. Co.* v. *City of Cleveland* (1920), 271 Fed. 701; *Walter* v. *Hangen* (1902), 71 App. Div. 40, 75 N. Y. Supp. 683; *Hartford Mill Co.* v. *Hartford Tobacco Warehouse Co.* (1909), (Ky.) 121 S. W. 477; *Gove & Co.* v. *Island City, etc., Co.* (1888), 16 Ore. 93, 17 Pac. 740; Note, 39 L. R. A. (N. S.) 591; 3 Sutherland, Damages (4th ed.) §699. In the case at

bar, the evidence shows that appellees, believing the house to have been completed in all things according to the contract, paid in full the contract price, and took possession; that within a short time after taking possession appellees learned of the defects, and made demand upon appellants to make such alterations as would make the building conform to the contract requirements; that appellants having refused to comply with such demand, this action was commenced. It also appears that to make the house conform to the contract requirements, it would be necessary to remove the Kellastone which had not fallen off, and that the sheathing would have to be taken from the building, turned over, and replaced upon the building. We hold that the jury was correctly instructed as to the measure of damages, and that the damages assessed are not excessive.

The case of *Springer* v. *Jones* (1919), 76 Ind. App. 269, 123 N. E. 816, is readily distinguishable. In that case the defects were of such a character that they might easily be remedied without taking down and reconstructing any substantial portion of the building. Under such circumstances the measure of damages would be the reasonable expense of correcting the defects. *Sherry* v. *Madler* (1905), 123 Wis. 621, 101 N. W. 1095; see, also, *Foeller* v. *Heintz* (1908), 137 Wis. 169, 118 N. W. 543, 24 L. R. A. (N. S.) 327, and note. The case of *Wood* v. *Wack* (1903), 31 Ind. App. 252, 67 N. E. 562, cited by appellants, is not in point. That was an action by a contractor against the owner for damages for repudiation of a building contract. The measure of damages in such a case would, of course, be the difference between the actual cost of the building and the contract price; or, in other words, the profit he would have made had he been allowed to perform the contract.

Affirmed.