VALPARAISO HOTEL COMPANY *v.* SCHNEIDER ET AL.

[No. 14,770.   Filed May 8, 1935.]

*Kelly & Ryan,* and *Miller, Mullen & Kreuger,* for appellant.

*Loring & Loring,* for appellees.

KIME, J.—This case was originally filed by the appellees against the appellant by a complaint in two paragraphs, each paragraph being upon a promissory note in the principal sum of $500.00, asking for judgment thereon, together with interest and attorneys fees. To this complaint appellant answered in general denial and a second paragraph of answer denominated a cross-complaint, wherein affirmative relief was asked for failure to comply with a contract for the erection of a garage. This paragraph of cross-complaint was answered by a general denial. There were other paragraphs of pleading which are not necessary to mention here.

The issues as above joined were submitted to a jury for trial, resulting in a verdict in favor of the appellees and against the appellant, in the sum of $775.00, upon which verdict judgment was rendered.

The error relied on for reversal here is the overruling of the motion for new trial and the grounds of that motion, which are discussed under the propositions, points, and authorities are that the verdict was not sustained by sufficient evidence and that it was contrary to law; error in excluding from the evidence testimony offered by one Warriner as to how much it would cost to replace a roof on the building as originally specified in the plans and specifications; error relative to this same witness in the exclusion as to offered testimony as to the cost of replacing sheathing, roof gutters, windows, garage doors; error of the court in admitting, into evidence, over objection offered, of the fair cash market value of the garage building as constructed; error of the court in permitting appellee, Carroll Schneider, to testify as to what the written specifica-

tions meant in relation to the type and kind of roofing, type of window-sills and kind of headers and in refusing to strike out such testimony; error in refusing to give written instructions to the jury and error in giving oral instructions to the jury.

The cross-complaint as filed by the appellant proceeded upon the theory that pursuant to the agreement the appellee would build the garage in a good, workmanlike manner in accordance with the plans, specifications and estimates and that they did not so build, construct, and erect such garage; that they did not construct the roof according to the specifications and that the cement floor was not built or placed properly and that the roofing gutters were not placed properly and that the windows in said garage were not six cement blocks high and that the cement and concrete blocks were of inferior quality and were unskillfully placed and built.

The contract or the general agreement, as the parties denominated it, was in effect a bare outline wherein the appellee agreed to provide all the labor and material for a garage 44 x 66 feet; that the owner was to inspect the work at all times and all materials at any time, all according to a certain estimate sheet made a part of the agreement, which estimate sheet provided, among other things, that the garage was to be built of cement blocks, fifteen blocks high, placed on a footing thirty inches deep and twelve inches wide, to be covered with a roof "with tight sheathing and cover sheathing with 3 ply green (as the builder may select) asbestos paper roofing, all joints to be nailed and cemented with plastic roofing cement (positively no tar to be used in joints.)" all for the sum of $2,197.00.

The appellee proved the execution of the notes, which were admitted in evidence, together with what was a reasonable attorneys' fees thereon and rested. The ap-

pellant then proceeded on its cross-complaint and introduced evidence showing that the parties themselves were not in accord as to the type of roof provided for by the contract and under the contract the court permitted evidence to be heard as to the interpretation placed upon the contract by both parties. The evidence then disclosed that the roof leaked in some one hundred fifty different places; that the sheathing was not placed tightly together and varied from one-quarter to one-half-inch in failing to meet and that every place where there was a gap between the sheathing the roof leaked. That numerous blocks in the side walls were cracked so that the wind came through; that the windows were not six blocks high; that the cement blocks were broken and cracked in all directions; that there were holes in the floor and that the gutters had not been properly placed and that, therfore, water ran down behind them; that the headers were not all of reenforced concrete and that the sills were not as specified; that there were fifty-two broken cement blocks in the walls and that it would cost $1091.00 to replace the roof and place, in good condition, the cement walls, windows, hardware and floor of the building.

From the quotation of the contract, as above set out, relative to the roof the trial court determined that there was an ambiguity in the specifications and permitted the introduction of parol evidence to explain the terms of the contract. This was proper as the contract was ambiguous and the practical interpretation of it, by the parties themselves, was proper to be placed before the jury. *Paterson* v. *State Bank of Chrisman* (1914), 55 Ind. App. 331, 102 N. E. 880; *Scott* v. *Lafayette Gas Co.* (1908), 42 Ind. App. 614, 86 N. E. 495; *Fidelity and Casualty Co. of New York* v. *Teter* (1893), 136 Ind. 672, 36 N. E. 283.

There was ample evidence to sustain the verdict and

it was not contrary to law. The trial court determined that from the nature of the defects it would, in ██ all probability, necessitate a substantial rebuilding of the garage to give the appellant the building it should have, and, accordingly, allowed evidence to go to the jury from which this might be determined. *Morris* v. *Fox* (1923), 79 Ind. App. 389, 135 N. E. 663. This case holds that when "in order to make the work conform to the contract requirements, a substantial part of what has been done, must be undone the measure of damages is the difference between the value of the building as constructed and what its value would have been had it been constructed in accordance with" specifications. Consequently there was no error committed in excluding offered testimony of the witness, Warriner, as to the value of replacing each particular defect.

Since it was necessary, under the holding in *Morris* v. *Fox, supra,* to hear testimony as to the fair ██ cash market value of the building the court did not err in the admission of evidence of that nature.

The trial court did not err in permitting the appellee, Caroll Schneider, to testify as to what the written specifications meant since the contract was ambiguous ██ and the appellant's witnesses had testified as to their practical interpretation thereof.

The appellant also complains of error in refusing to give written instructions to the jury but an examination of the briefs fails to disclose that proper ██ request was made for written instructions and, of course, in the absence of this no question is presented.

As to the proposition that the court erred in giving the oral instructions the brief of the appellant does not

disclose that these instructions are properly before us, and, consequently, there was no question presented in the giving of instructions.

Finding no error the judgment of the LaPorte Superior Court is in all things affirmed and it is so ordered.